

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Stephanie B-P. and Terrence P., individually :
and on behalf of T.P.                      :
1515 Clearview Street                      :
Philadelphia, PA 19141                     :
                                           :   CIVIL ACTION NO. 18cv4053
and                                        :
                                           :
Berney & Sang, P.C.                        :
1628 JFK Boulevard, Suite 1000             :
Philadelphia, PA  19103                    :
                                           :
        v.                                 :
                                           :
School District of Philadelphia            :
Office of General Counsel                  :
440 North Broad Street, Suite 313          :
Philadelphia, PA 19130-4015                :

FILED
SEP 18 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This action is brought under the Individuals with Disabilities Education

Improvement Act, 20 U.S.C. §§ 1400 *et seq* (hereinafter the "IDEA") and state contract law as a

result of the School District of Philadelphia's breach of a resolution agreement arising from a

"resolution session" held pursuant to 20 U.S.C. § 1415(f)(1)(B). Plaintiffs seek to recover

attorney's fees and related costs under the IDEA for the instant action and the underlying

administrative proceedings.

### JURISDICTION

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and the aforementioned statutory

provisions.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b).



## PARTIES

4.     Plaintiff Stephanie B-P. is T.P.'s mother.

5.     Plaintiff Terrence P. is T.P.'s father.  Stephanie B-P. and Terrence P. are

collective referred to as Parents.

6.     Parents reside with T.P. in Philadelphia, Pennsylvania, and within the borders of

the School District of Philadelphia.

7.     Plaintiff Berney & Sang, P.C., (Law Firm) is a law firm that dedicates a large

percentage of its practice to the area of special education law.  Plaintiffs Stephanie B-P.,

Terrence P. and Berney & Sang, P.C. are collectively referred to as "Plaintiffs Parents."

8.     The School District of Philadelphia (District) is a governmental unit which

administers the public schools within Philadelphia County.

9.     The District has a mailing and office address at the Office of General Counsel,

440 North Broad Street, Suite 313, Philadelphia, PA 19130-4015.

## STATUTORY AND REGULATORY BACKGROUND

10     The IDEA was enacted to "ensur[e] children with disabilities and the families of

such children [receive] access to a free appropriate public education and [to] improve[e]

educational results for children with disabilities." 20 U.S.C. § 1400(c)(3). *See also* 22 Pa  Code §

711 *et seq.*

11     The IDEA and its implementing regulations, 34 C.F.R. Part 300, require states

and local school districts that receive funds under the Act to provide school age residents who

have disabilities with a "free appropriate public education" (FAPE).

12.     If a school district fails to provide FAPE to one of its students, the IDEA and its

implementing regulations provide parents and their child with certain procedural safeguards,

including the right to bring an administrative action by filing a due process complaint to remediate the denial of FAPE.  20 U.S.C. § 1415(b)(7).

13.     If a school district denied FAPE to a student, parents, on behalf of the student, may be entitled to compensatory education for each day that amounts to a denial of FAPE.  *See, e.g., Carlisle Area Sch. v  Scott P., 62 F.3d 520, 527 (3d Cir.1995).*

14.     Parents, on behalf of a student, may also seek a private education at public expense if the school district is not able to provide FAPE or denied FAPE and the private school placement is appropriate for the needs of the student.  *See, e.g , Forest Grove School District v. T.A.*, 557 U.S. 230 (2009).

15.     A prevailing parent is also entitled to statutory attorney's fees under the IDEA. 20 U.S.C. § 1415(i)(3)(B).

## STATEMENT OF FACTS

16.     T.P. was born on November 27, 2007.

17.     During the 2017-2018 school year, T.P. was in fourth grade.

18.     T.P. attended Charles W  Henry School, a school in the District for multiple years, including the beginning of the 2017-2018 school year.

19.     T.P. has been classified as having Autism and a Speech or Language Impairment. As a result, T.P. is a "child with a disability" within the meaning of the IDEA, 20 U.S.C. § 1402(3)(A). By reason of T.P.'s disabilities, T.P. is entitled to special education and related services under the IDEA.

20.     At various relevant times, the District failed to provide T.P. FAPE.

21     As a result of these failures, Plaintiff Parents retained the Law Firm, to investigate possible claims on T.P.'s behalf under the IDEA, Section 504 of the Rehabilitation Act of 1973,

and Title II of the American with Disabilities Act and to initiate litigation, if necessary, to remediate any potential violations of these laws.

22.     The Representation Agreement between Plaintiff Parents and the Law Firm contains an assignment of rights provision whereby Plaintiff Parents assigned to Law Firm attorney's fees that may be owed to them by virtue of any settlement that they may enter with the District. A redacted copy of the representation agreement that contains the assignment of rights provision is attached as Exhibit "A".

23.     On or about July 7, 2017, Plaintiff Law Firm, on behalf of Plaintiff Parents, filed a due process complaint, alleging, among other things, a denial of FAPE and requesting relief in the form of a private school placement at the Y.A.L.E. School in Cherry Hill, NJ and compensatory education.

24.     On or about December 4, 2017, Plaintiffs Stephanie B-P. and Terrence P. filed another due process complaint alleging, *inter alia*, a denial of FAPE.

25.     In December, 2017, the parties settled both cases pursuant to "resolution session" held under 20 U.S.C. § 1415(f)(1)(B). *See* Resolution Agreement, ¶ 9(E). A true and correct copy of the parties' Resolution Agreement is attached as Exhibit "B".

26.     The agreement contains, *inter alia*, the following terms.

> a.     The District will fund and provide transportation for T.P. to attend the Y.A.L.E. School, Cherry Hill Campus for the remainder of the 2017-2018 school year (beginning 11/27/17), ESY 2018, and the 2018-2019 school year, having a value to Plaintiff Parents well in excess of $100,000. *See* Settlement Agreement, ¶4.
>
> b.     The District shall fund 250 hours of compensatory

education at a rate of $60 per hour, having a value to Plaintiff

Parents in the amount of $15,000.  Id.

c.  The District will pay reasonable attorney's fees

for time expended and costs within sixty (60) days of receiving a

detailed invoice and will also pay Plaintiffs' attorney's fees for

enforcement efforts. *See* Resolution Agreement, ¶ 5.

27.  To date, the District has failed to pay tuition for November-December, 2017 to

The Y.A.L.E. School pursuant to the parties' Resolution Agreement.

28.  As a result, the District is in breach of the parties' Resolution Agreement.

29.  To date, the District has failed to pay any amount in attorney's fees and costs.

30.  As a result, the District is in breach of the parties Resolution Agreement

## Plaintiffs' Enforcement Efforts

31.  On January 15, 2018, Plaintiff Law Firm forwarded Law Firm's invoice,

timesheets, and billing statements to the District's attorney Tammy Flail.  A true and correct

copy of Law Firm's invoice is attached as Exhibit C. In its correspondence, Plaintiff Law Firm

reminded the District of its obligations to pay attorney's fees within sixty (60) days under the

Resolution Agreement.  Plaintiffs' counsel wrote:

> Dear Tammy:
> …
> The IDEA resolution agreement requires the School District to pay
> reasonable attorney's fees and costs within 60 days of receipt of the
> itemized attorney time sheets.  My firm's time sheets are attached to this
> email  Accordingly, payment of attorney's fees and costs is due by **March
> 16, 2018**.  As you should be aware, the School District has routinely
> violated settlement agreements with my clients by failing to pay attorney's
> fees within the required time period as stipulated in our agreements.  In
> many cases, it has taken the School District over a year and sometimes
> years to make good on its commitment to pay fees.  Accordingly, if I do
> not receive payment of my client's reasonable attorney's fees within sixty

days of this email, I will consider all options, including filing a federal lawsuit. I am not trying to give you or your client a difficult time. I am simply trying to get the School District to honor our agreements and its repeated failures to do so is putting my firm into an untenable position.

…

Best,

Dave

…

32.     The invoice identified the total amount of the bills and provided an explanation of factors contributing to the amount of the bills.

33.     On or about February 26, 2018, Law Firm wrote the District counsel inquiring about a response to the invoice. Counsel for the District advised that the invoice had been sent to the District for consideration, and no response had been received.

34.     After receiving no response from the District to the request for fees, Law Firm, beginning on or about June 12, 2018 and continuing through July and August 2018, made multiple requests to the General Counsel for the District to pay reasonable attorney's fees and costs as required by the Resolution Agreement. Because of the additional time expended on attempts to collect the fees, the bill submitted on or about June 12, 2018 totaled $118,169.42   A true and correct copy of the June 12, 2018 correspondence with accompanying timesheets and bills are attached as Exhibit "D".

35.     To date, the District has not paid any amount in attorneys' fees as required by the Resolution Agreement.  The District also has not engaged in any negotiation or discussions regarding the fees due.

36.     As a result, the District continues to be in breach of the parties' Resolution Agreement.

37      Plaintiff Law Firm's billing invoice consists of time accrued by (a) David J.

Berney, Esquire, (b) Megan Mahle, Esquire, (c) Jennifer Sang, Esquire (d) Vanita Kalra, Esquire,

(e) Morgen Black-Smith, Esquire, (f) Kevin Golembiewski, Esquire and (c) Paralegal Jonathan

Kruzic.

38.      Mr. Berney's billing rate is $495 per hour.

39.      A billing rate of $495 per hour for Mr Berney for the underlying administrative

action and this federal action is reasonable and falls within the customary and prevailing hourly

billing rates charged by other attorneys of comparable skill, experience, and reputation in the

Philadelphia area.

40      Ms. Mahle's billing rate is $375 per hour.

41.      A billing rate of $375 per hour for Ms. Mahle for the underlying administrative

action and this federal action is reasonable and falls within the customary and prevailing hourly

billing rates charged by other attorneys of comparable skill, experience, and reputation in the

Philadelphia area.

42.      Ms. Sang's billing rate is $325 per hour.

43.      A billing rate of $325 per hour for Ms. Sang for the underlying administrative

action and this federal action is reasonable and falls within the customary and prevailing hourly

billing rates charged by other attorneys of comparable skill, experience, and reputation in the

Philadelphia area.

44.      Ms. Black-Smith's billing rate for the firm is $325 per hour.

45.     A billing rate of $325 per hour for Ms. Black-Smith for the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing hourly billing rates charged by other attorneys of comparable skill, experience, and reputation in the Philadelphia area.

46.     Ms. Kalra's billing rate is $325 per hour.

47.     A billing rate of $325 per hour for Ms. Kalra for the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing hourly billing rates charged by other attorneys of comparable skill, experience, and reputation in the Philadelphia area.

48.     The Law firm's billing rate for paralegals is $100 per hour.

49.     A billing rate of $100 per hour for Mr Kruzic for the underlying administrative action is reasonable and falls within the customary and prevailing hourly billing rates charged by paralegals generally.

50.     Plaintiffs also incurred additional invoices for experts (a) Virginia Sutton, Ph.D (school psychologist), (b) Rachel Shoener (Occupational Therapist), (c) Karen Clapper (Speech and Language Pathologist), (d) Felicia Hurewitz, BCBA, Ph.D (Autism and behavioral expert), and (e) The Ruttenberg Center.

51.     Additionally, Plaintiffs also incurred copy costs.

**District's History of Breaching Agreements and Failing to Pay Attorney's Fees**

52.     In the last several years, Plaintiff Law Firm has settled scores of special education cases with the District. The standard practice between the District and P Law Firm is for Law Firm to transmit attorney timesheets and litigation invoices to counsel for the District.

53.     A majority of the settlement agreements negotiated between Law Firm and the District in the cases settled between them contain language that requires the District to pay attorney's fees and costs within sixty (60) days of receiving a detailed invoice.

54.     Despite the language contained in these settlement agreements, in the last several years, the District has consistently failed to honor the terms of settlement agreements by refusing to pay attorney's fees and costs within sixty (60) days.

55.     In a number of cases, the District has delayed by as much as one year and longer in making payments. For a number of settlement agreements, Law Firm was forced to file federal actions to enforce the provision to pay attorney's fees and costs and compel payment. *See, e.g., Law Offices of David J. Berney v. Sch. Dist. of Phila*, No. 12-cv-5033 (E.D. Pa. 2012); *J.J. et al v. Sch. Dist of Phila.*, No. 12-cv-2531 (E.D. Pa. 2012); *Shanea S et al v Sch Dist. of Phila*, No. 12-cv-1056 (E.D. Pa. 2012); *Gwen L et al. v Sch Dist. of Phila.*, No. 12-cv-0051 (E.D. Pa. 2012); *Sherron D. et al. v. Sch Dist. of Phila.*, 13-cv-6556 (E.D. Pa. 2013); *J.M et al. v. Sch. Dist. of Phila*, 15-cv-1420 (E.D. Pa. 2015) (enforcement of two agreements); *Remi C. v. Sch. Dist. of Phila.*, 17-cv-243 (E.D. Pa. 2017) (enforcement of three agreements); *Joann N. v Sch. Dist of Phila.*, 17-cv-2403 (E.D. Pa. 2017) (enforcement of five agreements); *Shirley D v Sch Dist. of Phila.*, No. 17-cv-2124 (E.D. Pa. 2017); *Lisa H v Sch Dist. of Phila.*, No. 17-cv-3805 (E.D. Pa. 2017) (enforcement of four agreements); *Laverne B. v. Sch Dist. of Phila.*, No. 18-cv-3784 (E.D. Pa. 2018).

56      Other law firms have similarly been forced to file suit due to the District's failure

to pay attorney's fees and costs pursuant to a settlement agreement.  *See, e.g., Public Interest*

*Law Ctr. of Phila. v  Sch. Dist  of Phila.,* No. 12-cv-4528 (E.D. Pa. 2012) (enforcement of three

agreements); *Public Interest Law Ctr. of Phila. v. Sch  Dist  of Phila.,* No. 101201522 (Ct. Com.

Pl. Phila. 2010) (enforcement of two agreements).

57.      On information and belief, the District's pattern and practice of breaching

attorney's fee provisions in special education settlement agreements has the purpose and effect

of discouraging attorneys from pursuing meritorious IDEA claims against the District.  By

failing to pay Plaintiffs' attorney's fees and costs and by ignoring Plaintiffs' requests to have

attorney's fees and costs paid, the District has violated the terms of the parties' IDEA Resolution

Agreement.

**COUNT I:**
**VIOLATION OF THE IDEA**

58.      Plaintiffs incorporate the above paragraphs as though fully set forth herein at

length.

59.      The IDEA provides that a written settlement agreement reached as a result of a

resolution meeting shall be enforceable in federal court.  20 U S.C. §1415(f)(1)(B)(iii)(II). A

prevailing party under the IDEA is also entitled to reasonable attorney's fees and related costs.

20 U.S.C. §§ 1415(i)(3)(B) and (C).

60.      The parties' Resolution Agreement required the District to fund The Y.A.L.E.

School tuition and to pay Plaintiffs' attorney's fees and costs.  Yet, in violation of the parties'

Resolution Agreement, the District has failed to pay tuition owed to The Y.A.L.E. School for

certain months covered by the Resolution Agreement and has failed to pay Plaintiffs' attorney's

fees and costs.

61.     As a result, the District has violated the parties' Resolution Agreement and the IDEA. Plaintiffs Stephanie B-P. and Terrence P. have assigned their right to attorney's fees to Law Firm.[1]

## COUNT II - BREACH OF CONTRACT

62.     Plaintiffs incorporate the above and below paragraphs as though fully set forth herein at length.

63.     The parties entered into a contract in the form of a settlement agreement.

64.     The parties' settlement agreement required the District to fund The Y.A.L.E. School tuition and to pay Plaintiffs' attorney's fees and costs.  Yet, in violation of the parties' settlement agreement, the District has failed to pay tuition owed to The Y.A.L.E. School for certain months covered by the agreement and has failed to pay Plaintiffs' attorney's fees and costs.  As a result, the District has violated the parties' settlement agreement.

65.     As a result, Plaintiffs have suffered contractual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request: (1) that judgment be entered against the District, (2) that reasonable attorney's fees and litigation costs be awarded for the underlying administrative matter; (3) that Plaintiffs' attorney's fees and litigation costs be awarded for prosecuting this action, and (4) that Plaintiffs receive all other relief that this Court may deem appropriate.

---

[1] Even though Law Firm contends that there is a valid assignment of rights provision between it and Plaintiff Parents, Plaintiff Parents are still named as party plaintiffs in the event that there is a challenge to the enforceability of this assignment of rights provision.

BERNEY & SANG

DAVID J. BERNEY, ESQUIRE
Pa. Bar ID No. 67882
MEGAN MAHLE, ESQUIRE
Pa. Bar ID No. 202564
8 Penn Center
1628 JFK Boulevard, Ste. 1000
Philadelphia, PA 19103
djberney@berneylaw.com
215-564-1030 (office)
215-751-9739 (fax)
Attorneys for Plaintiffs

Dated: September 18, 2018

# Exhibit A



**LAW OFFICES OF**
# DAVID J. BERNEY

David J. Berney
Jennifer Y. Sang
Morgen Black-Smith
OF COUNSEL
Megan Mahle
Vanita Kalra

*berneylaw com*

### REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES

Dear Mr. F_____, and Ms. B . . . .-P         :

     This contract for legal services is entered into by and between **Terence P**          **and Stephanie B_____-P**        . ("Client") and the **Law Offices of David J. Berney, P.C.** ("Law Firm" or "attorney").  Client agrees and understands that the Law Firm may be working in conjunction with attorneys, including, but not limited to, **Megan Mahle, Esquire, Vanita Kalra, Esquire, Jennifer Sang, Esquire, and Morgen Black-Smith, Esquire,** and that the terms and conditions of this *REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES,* as set forth below, are applicable to the services performed by **them.**  This contract shall be binding upon Client and Client's heirs, executors, administrators and assigns and anyone who shall serve as the Custodian of **T**          **P**          **("Student").**

     The following terms and conditions constitute the entirety of the agreement between Law Firm and Client and this agreement supersedes any previous written or oral agreements.

     1. Client agrees to employ Law Firm and Law Firm agrees to represent Client in a due process hearing
against the local educational agency that is allegedly responsible for failing to provide a free and appropriate public education to Student, if through Law Firm's investigation, Law Firm determines that there are sufficient and proper grounds for such litigation.

     2. The legal services performed by **David J. Berney, Esquire** will be billed at $495 per hour.  The legal services performed by **Megan Mahle, Esquire** will be billed at $375 per hour.  The legal services performed by **Morgen Black-Smith, Esquire** will be billed at $325 per hour.  The legal services performed by **Vanita Kalra, Esquire** will be billed at $325 per hour. The legal services performed by **Jennifer Sang, Esquire** will be billed at $275 per hour. The legal services performed by **Kevin Golembiewski, Esquire** will be billed at $225 per hour.  The legal services performed by other attorneys affiliated with Law Firm shall be billed at their customary billing rates.  At Law Firm's sole discretion, billing rates may be increased on an annual basis at the beginning of each new calendar year by an amount equal to no greater than 5% of the hourly rate in effect during the preceding year.  In the event attorney's fees are awarded by court or are agreed upon by virtue of settlement, Client hereby assigns Client's right to such fees to Law Firm in exchange for the services Law Firm will provide Client under the terms of this Agreement and authorizes the Law Firm to charge the School District the same hourly rates specified above.

     Additionally, work performed by paralegal(s) will be billed at a rate of $100 per hour.  The billing rates for paralegals are also subject to increase at the beginning of each new calendar year by an amount equal to no greater than 5% of the hourly rate in effect during the

preceding year.  In the event that paralegal fees are awarded either by court or are agreed upon by virtue of the settlement of the parties, Client hereby assigns Client's right to such fees to Law Firm and Client authorizes Law Firm to charge the School District the same paralegal hourly rate specified above.

4. In terms of litigation expenses, **Client will be responsible** for reasonable expenses such as postage, fed ex services, copy costs, expert witness fees, investigative services, deposition costs, transcripts, filing fees and all other reasonable expenses directly incurred for investigating and/or litigating the case.

Client Signature _____  ____ Dated: _2/2/16_

Client Signature _____  ____ Dated: _2/2/16_

_____ ____ Dated: _2/2/16_
**David J. Berney, on behalf of
Law Offices of David J. Berney, P.C.**

# Exhibit B

## CONFIDENTIAL
## SETTLEMENT AGREEMENT AND RELEASE

### T      P

It is hereby agreed by and between, the School District of Philadelphia ("the District") and Stephanie B     -P     and Terence P     , ("Parents"), individually and on behalf of their son, T     P     ("Student") (date of birth:     ), all collectively referred to hereinafter as the "Parties" as follows:

1.     **RELEASE BY PARENTS:**  Parents, individually and on behalf of Student, in exchange for the consideration set forth in this Confidential Settlement Agreement and Release ("Agreement"), from the beginning of time up through the date the Parents sign the Agreement, hereby unconditionally release and discharge the District, its past and present officers, employees, agents, servants and attorneys, the Board of Public Education, the School Reform Commission, their heirs, executors and administrators, successors and assigns ("Releasees") of and from any and all actions, causes of actions, suits, claims, losses, injuries, damages and demands whatsoever in law or equity, known or unknown, accrued or not accrued, especially arising from the claims raised in *Stephanie B     -P     and Terence P     . individually and on behalf of T     P     . v. School District of Philadelphia*, ODR No. 19466-17-18 KE and ODR No. 20059-17-18 AS, except as more specifically described in this Agreement.

2.     **CLAIMS RELEASED:**  In exchange for the consideration set forth herein, it is expressly understood and mutually agreed that this Agreement is intended to resolve Parents' Special Education Due Process Hearing Complaints docketed at ODR File No. 19466-17-18KE and ODR No. 20059-17-18 AS,  including all claims for money damages, tuition reimbursement, attorney fees and litigation costs, including, expert fees, and/or compensatory education, except as specifically authorized in this Agreement, relating to educational programming afforded to

Student under federal, state and common law and which arise under and pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), its implementing regulations, 34 C.F.R. Part 300; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, its implementing regulation, 34 C.F.R. Part 104; the Americans with Disabilities Act of 1990, 42 U.S.C. § 1983, 1988; 20 U.S.C. § 1232 et seq., and its implementing regulations; the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, 1985, the Civil Rights Attorney's Fee Award Act of 1976, as amended 42 U.S.C. § 1988; the United States Constitution; the Pennsylvania Constitution; and the Pennsylvania Public School Code of 1949, as amended 24 P.S. § 1-101 et seq.; Chapters 14 and 15 of the Regulations of the State Board of Education, 22 Pa. Code Ch. 14 & 15; and any other state or federal law and any and all other claims (administrative and/or legal) from the beginning of time through the date Parents sign this Agreement, except as more specifically described in this Agreement. In exchange for the consideration recited herein, Parents individually and on behalf of the Student, release the aforesaid claims against the District. Parents will withdraw or request dismissal order for their Special Education Due Process Hearing Complaints following the District's execution of this Agreement. Other than ODR No. 19466-17-18 KE and ODR No. 20059-17-18 AS, Parents acknowledge that they have brought no other claims against the District, or any of its employees, in any other forum which are currently pending. This Agreement compromises disputed claims. It is not to be construed as an admission of liability or wrongdoing by the District. It is acknowledged and agreed that the District has agreed to settle and compromise this matter only in order to avoid further inconvenience and expense.

3.     **RESERVATION OF RIGHTS:** Nothing in this Agreement shall be construed as a release by Parents of any claims that may arise regarding events that occur after the date

Parents execute this Agreement. Nothing in this Agreement shall be deemed to limit or preclude the initiation of any lawful proceedings necessary to enforce this Agreement.  Finally, nothing in this Agreement shall be construed to extinguish, waive, modify, or otherwise change or release any benefits, entitlements, or rights, including but not limited to compensatory education, that arise from a settlement agreement entered into by the parties, resolving *Stephanie B    -*

*P.    · and T₁    P.    v. School District of Philadelphia*, ODR No. 16438-1415KE and ODR No. 20059-17-18 AS.

      **4.**      **TERMS:**  In order to resolve all disputes and potential litigation, the parties agree as follows:

      **A.**      The District agrees to fund Student's tuition for the reminder of the 2017-2018 school year (beginning on 11/27/17), ESY for Summer 2018, and the 2018-2019 school year at the Y.A.L.E. School, Cherry Hill Campus.

      **B.**      The District agrees to fund a total of two hundred and fifty (250) hours of compensatory education at a rate of sixty dollars ($60.00) for each hour of compensatory education.

      **C.**      The Parties agree that the two hundred and fifty (250) hours of compensatory education specified herein shall be used wholly and exclusively for appropriate, legitimate educational expenses, vocational training/services, therapeutic and/or remedial instruction, programs, courses, services and materials that assist Student to overcome the effects of his disability or further Student's current or future IEPs, including, but not limited to: (a) expenses for instruction or tutoring, including summer programming or afterschool programming of an educational nature, provided by licensed instructors or facilitators, certified teachers, or appropriately qualified, experienced, or credentialed individuals; (b) assistive technology as

defined in the regulations implementing the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.*; (c) educational materials and equipment, including those to support "STEAM" (Science, Technology, Engineering, Art, and Math) skills and to support vocational interests; (d) related services as defined in the regulations implementing the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.*, provided by appropriately qualified, certified, licensed, or credentialed individuals; (e) counseling and social skills training; (f) transition services, as defined by the IDEA, including services that instruct Student in skills needed for employment, post-secondary education, or independent living, including but not limited to apprenticeships; (g) behavioral therapy, training, or education provided by Board Certified Behavior Analysts ("BCBA") or Board Certified Assistant Behavior Analysts ("BCABA") or providers under the authority and supervision of a BCBA or BCABA, such as an Applied Behavior Specialist, or by qualified behavioral specialists, therapeutic support staff, personal care assistants, or licensed or appropriately accredited providers, schools, or programs; (h) activities that are designed to assist Student with improving his social skills, his behavior, furthering his transitional programming, his independent living, or otherwise overcoming the effects of his disability; (i) transportation costs to and from the provider of services for which reimbursement is due under the terms of this paragraph, including but not limited to public transportation, and transportation at the then-applicable reimbursement rate approved by the United States Internal Revenue Service when such transportation is provided by the Parents or the Student; (j) required equipment or activity fees for school-based programming; (k) reimbursement for past expenses billed by Parents' Independent Evaluators/experts, including Felicia Hurewitz, Rachel Shoener, Margaret Sutton, Karen Clapper, Ruttenberg Autism Center, Eric Mitchell, and Angela Grecia for work performed as of the signing of this Agreement, and as

reflected by invoices; (l) technology purchases, defined as the cost of a reasonably priced computer/tablet and printer, limited to one purchase every two (2) years; and (m) educational software purchases. "Legitimate educational expenses" shall not include the following: attorney's fees, tuition for post-secondary education college matriculating programs; vehicles of any sort; clothing; leisure travel; activities solely designed for recreational purposes (not otherwise permissible under the definition of "legitimate educational expenses"), such as but not limited to attendance at amusement parks, movies and vacations; activities solely intended for personal enrichment not directly related to a specific educational need as stated in this Agreement; services, programs and/or equipment required solely for medical needs; entertainment oriented technology items such as: Wii, DS apparatus, Apple phones, video games; and internet access. Terms contained in this Agreement shall be interpreted in a manner that is consistent with the IDEA and its implementing regulations to the extent that they are so defined.

        **D.**     The Parties agree that Student's placement at the Y.A.L.E. School is not the result of an IEP team decision nor does said placement constitute a FAPE for the student as a result of this Agreement, and that the District is released of its liability to provide Student a FAPE under the IDEA, Section 504, 22 Pa. Code. Ch. 14 & 15 and other comparable special education laws during the time that the District pays for Student's tuition at the Y.A.L.E. School under the terms of this Agreement. Nothing in this Agreement, the creation of this Agreement, and/or the use of District funds shall constitute District ratification, approval, or endorsement of the Y.A.L.E. School as an appropriate placement for Student. Parents warrant to the District and agree between themselves and the District that whatever program and/or services are offered at the Y.A.L.E. School that are paid for as a result of this Agreement (1) constitute an appropriate

educational program for Student; (2) that if Parents are not satisfied with the manner in which the Y.A.L.E. School develops and implements the educational programs, it shall not result in District liability, and (3) the implementation of this program shall not result in District liability for the Y.A.L.E. School's noncompliance with any and all statutes and regulations pertaining to Student's education. The District will provide transportation to the Y.A.L.E. School for student, pursuant to the Y.A.L.E.'s school calendar for the remainder of the 2017-2018 and 2018-2019 school years including for ESY 2018.  On the days that the District is not in session due to pre-determined holidays, teacher in-service days, closings due to inclement weather or other emergencies, or any other reason, Parents will be responsible for Student's transportation to and from the Y.A.L.E. School. Any transportation that may be required outside of the Y.A.L.E. School's normal hours of school operation shall be provided by Parents.

        **E.**      Nothing in this Agreement prohibits Parents from re-enrolling Student in the School District of Philadelphia. Should Parents desire to reenroll Student in the District prior to the end of the 2018-2019 school year, Parents will notify the Deputy Chief of Office of Specialized Services, 440 N Broad Street, 2nd Floor, Philadelphia, PA 19130, in writing of their intent to re-enroll Student by February 1st of the year in which they intend to reenroll Student in the District, to initiate the IEP process, or at least ninety (90) days in advance of their intent to reenroll. Parents agree to produce all educational materials in Parents' possession that they can reasonably locate pertaining to the Student's program in the Y.A.L.E. School, sign a Release of Records presented by the District so that the District may obtain records directly from the Y.A.L.E. School, and present Student for reevaluation (as deemed necessary by the District). The District will convene an IEP meeting within the time period required by applicable law to

develop a program and placement for Student, and in the interim, the last IEP developed by the District will be considered pendent.

F.      Parents acknowledge and agree that all issues related to placement in the least restrictive environment are waived so long as the District pays for Student to attend the Y.A.L.E. School under the terms of this Agreement.

G.      The total responsibility of the District for the provision of educational programming to Student under state and federal law, including but not limited to, IDEA, Chapter 14, Section 504 and the Regulations and/or Standards of the State Board of Education or of the Secretary of Education shall be discharged upon execution of this Agreement for any time that the District funds Student's tuition at the Y.A.L.E. School under the terms of this Agreement. The funding of the Y.A.L.E. School described in subparagraph (A) of this Agreement is in full satisfaction of a special education program and placement and there is no responsibility by the District to ensure that any Individualized Education Plan ("IEP") or Section 504 Plan for Student is being implemented pursuant to IDEA, Section 504 and/or Chapter 14 through the end of the 2018-2019 school year unless Student returns from private placement to the District prior to that time.

H.      Parents warrant that Student will meet compulsory attendance requirements during the period in which this Agreement is in effect.

I.      The Parties agree that the Y.A.L.E. School shall not be Student's pendent program and placement.  The District will convene an IEP meeting on or before June 1, 2019, to offer Student a program and placement for the 2019-2020 school year.  Parents agree to participate in and make themselves reasonably available for such a meeting.  The District and Parents agree that pendency shall be the IEP and educational placement that is developed and

offered by the District at the IEP meeting on or before June 1, 2019, IEP, unless otherwise determined by a Hearing Officer or court of law or agreed to by the parties. Parents retain their right to contest the appropriateness of any program or placement offered by the District.

J. In the event the actual cost of any of the compensatory education hours exceeds $60.00 per hour, the District shall receive additional credit toward Student's entitlement to two hundred and fifty (250) hours on a proportional basis consistent with the funding responsibilities as outlined in this Agreement. Should the services be billed on a basis other than hourly, Student's remaining entitlement shall be reduced by one (1) hour for every $60.00 paid to the provider. Conversely, in the event the actual cost billed by a provider amounts to less than $60.00 per hour, Student's compensatory education fund shall be reduced by subtracting from Student's compensatory education fund a prorated amount that is determined by dividing the actual cost of the service by $60.00. By illustration, a service with a value of $30.00 per hour would equal 0.5 compensatory education hours. Should the services be billed on a basis other than hourly, Student's remaining entitlement shall be reduced by one (1) hour for every $60.00 paid to the provider. On a quarterly basis, provider(s) of compensatory services shall endeavor to provide a representative of the District with documentation substantiating hours used to date. Said documentation should include a description of the service, the date(s) provided, the credentials of the provider(s) of the service and the cost. Documentation shall be provided to: The School District of Philadelphia, Attention: Office of Specialized Instructional Services, Compensatory Education, 440 N. Broad Street, 2nd Floor, Portal "B," Philadelphia, PA 19130-4015; compedu@philasd.org; Phone: 215-400-6722; Fax: 215-400-4175. The District may modify the individual to receive documentation and shall notify the Parents of any such change.

K.     The District will pay independent providers that have been pre-approved as District contractors within sixty (60) days of the receipt of appropriate documentation as set forth above. Providers that are not currently School District vendors will be paid within sixty (60) days of approval and the submission of the aforementioned documentation. The District will act on the provider's vendor application within thirty (30) days and will consider vendor status reasonably and in good faith and will not withhold approval absent good cause. Bills and/or invoices shall be provided to: The School District of Philadelphia, Attention: Office of Specialized Instructional Services, Compensatory Education, 440 N. Broad Street, 2nd Floor, Portal "B," Philadelphia, PA 19130-4015; compedu@philasd.org; Phone: 215-400-6722; Fax: 215-400-4175. For providers that are not currently approved District vendors, they may apply to be vendors by submitting a completed W-9 form and business letterhead to Office of Specialized Instructional Services, 440 N. Broad Street, 2nd floor, Philadelphia, PA 19130-4015. Parents recognize that in order to obtain reimbursement for compensatory education expenses, Parents must submit documentation substantiating services provided and payments made. The Parties agree that the District will, upon submission of documentation reflecting an appropriate expenditure and actual payment, reimburse the Law Offices of David J. Berney, P.C. and send such reimbursement check to the attention of David J. Berney, Esquire, for services provided to the Student that are consistent with the terms and conditions herein. Within fourteen (14) business days of receipt of a written request (letter, fax, email) made by Parents or Parents' counsel, the District shall provide Parents with a full accounting of all of Student's compensatory education funds, including the dates, amounts, and payees for any withdrawals and/or deposits, the starting amount of funds, and the balance of funds remaining.

L.     Any compensatory education hours that are not used by the Parents or Student by the end of the school year in which Student turns 21-years old shall revert back to the District.

5.     **ATTORNEY'S FEES AND COSTS:**  The District will, within sixty (60) days of receiving a detailed invoice and the Agreement executed by Parents, pay reasonable attorney's fees and costs to the Law Offices of David J. Berney, Esquire, P.C., pursuant to the IDEA, 20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and the American with Disabilities Act, 42 U.S.C. Sec. 12131, *et. seq.*, for time expended and costs on this matter.  Parents shall be entitled to attorney's fees and costs incurred to enforce this Agreement, including legal action and nothing in this Agreement shall limit Parents' rights to additional attorney's fees and costs incurred to enforce this Agreement. The Agreement to pay attorney's fees and costs is not an admission that Parents are a "prevailing party" pursuant to IDEA, 20 U.S.C. §1415(i)(3)(B).

6.     **NO ACKNOWLEDGMENT:**  Nothing in this Agreement shall be construed as an acknowledgment by the District that any of the educational programs, services, materials, or equipment that are obtained pursuant to the compensatory education hours arising from this Agreement constitute part of a FAPE for the Student, nor establish an interest on Student's behalf in the continued provision of such programs, services, materials, or equipment beyond the time that an educational service provider is willing or able to provide such services or beyond the date when compensatory education funds are exhausted under the terms of this Agreement.

7.     **ENTIRE AGREEMENT:**  This Agreement supersedes any prior oral or written agreement with respect to *Stephanie B       -P        and Terence P       , individually and on behalf of T       P        · v. School District of Philadelphia*, ODR No. 19466-17-18KE &

ODR No. 20059-17-18 AS and constitutes the entire, integrated agreement between the Parties; there are no written or oral understandings or agreements, directly or indirectly connected with this Agreement regarding the resolution of ODR No. 19466-17-18KE & ODR No. 20059-17-18 AS, that are not incorporated herein. This Agreement shall be binding upon and inure to the successors, assigns, heirs, executors, administrators, and legal representatives of the respective Parties hereto.

8. **CONFIDENTIALITY:** The terms and the contents of this Agreement are and shall remain confidential. The Parties will not publish, publicize, comment or disclose to any person or persons or request, invite, support, or cause another individual to publish, publicize, to comment, or to disclose to anyone the terms or the contents of this Agreement, except the Parties may disclose information about the Agreement to their counsel, accountants, financial consultants, tribunals or courts of law, service providers, regulators, in response to a request from a governmental agency, to the School Reform Commission, or otherwise, as may be required by law.

9. **MISCELLANEOUS:**

A. This Agreement may be executed in counterparts, including facsimile and email counterparts, each of which shall constitute an original, but all of which, when taken together, shall constitute one instrument.

B. Parents represent and warrant that they possess educational decision-making authority and legal-decision making authority on behalf of Student necessary to enter into this Agreement on Student's behalf.

C. The terms of this Agreement have been completely read, considered and understood by the Parties, who have had a reasonable opportunity to consult with legal counsel

of their choice prior to execution.

      **D.**      The acceptance of the terms of this Agreement is a voluntary compromise and settlement of a disputed claim or claims. Fulfillment of the terms of this Agreement is not an admission of any liability by any party named in the Agreement.

      **E.**      The Parties agree that this Agreement is a Written Agreement reached pursuant to the Resolution Process under 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 300.510.

      IN WITNESS WHEREOF, and intending to be legally bound, we have hereunto set our hands and seals this _____ day of _____, 2017.

_12/29/17_
Date

_12/29/17_
Date

_12/28/17_
Date

Stephanie B           -P
Parent of T           P

Terence P
Parent of T           P

Sonya Berry
Director of Special Education
School District of Philadelphia

**APPROVED AS TO FORM ONLY:**

$\dfrac{12|29|17}{\text{Date}}$

$\dfrac{12|29|17}{\text{Date}}$

Megan Mabile, Esquire
Attorney for Parents

Tammy Plail, Esquire
Attorney for School District of Philadelphia

# Exhibit C

Case 2:18-cv-04053-ER   Document 1   Filed 09/18/18   Page 32 of 97

Law Offices of David J. Berney Mail : Stephanie B et al o/b/o T P v SDOP - Parents' demand for attorney's fees and costs                                                9/18/18, 11 58 AM



David Berney <djberney@berneylaw.com>

## Stephanie B et al o/b/o T.P. v. SDOP - Parents' demand for attorney's fees and costs

1 message

**David Berney** <djberney@berneylaw com>                                     Mon, Jan 15, 2018 at 9 28 PM
To  "Tammy J  Schmitt" <tschmitt@levinlegalgroup com>

Dear Tammy

Pursuant to paragraph 5 of the Parties' Resolution Agreement, please consider this Parent's demand for attorney's fees and costs   Below is a breakdown of  my firm's time and billing with supporting timesheets and invoices that are attached

David J  Berney, Esquire  - 55 2 hours X $495 per hour = $27,324 00
Megan Mahle, Esquire - 119 8 hours X $375 per hour = $44,925 00
Jennifer Sang, Esquire - 47 8 hours X $325 per hour = $15,535 00
Vanita Kalra, Esquire - 25 1 hours X $325 per hour = $8175 50
Morgen Black-Smith, Esquire  ·  6 hours X $325 per hour = $195 00
Kevin Golembiewski, Esquire · 13 3 hours X $255 00 per hour = $3391 50
Paralegal Jon Kruzic - 1 6 hours X $100 per hour = $160
Total Costs - $17,570 92 [$3850 (Virginia Sutton, Ph D ) + $1710 (OT Rachel Shoener) + $2590 75 (Karen Clapper) + $460 (Ruttenberg Center) + $8247 50 Felicia Hurewitz, Ph D  , $712 67 (Transperfect)]

Total bill = $117,276 92

The IDEA resolution agreement requires the School District to pay reasonable attorney's fees and costs within 60 days of receipt of the itemized attorney time sheets   My firm's time sheets are attached to this email  Accordingly, payment of attorney's fees and costs is due by **March 16, 2018**. As you should be aware, the School District has routinely violated settlement agreements with my clients by failing to pay attorney's fees within the required time period as stipulated in our agreements   In many cases, it has taken the School District over a year and sometimes years to make good on its commitment to pay fees  Accordingly, if I do not receive payment of my client's reasonable attorney's fees within sixty days of this email, I will consider all options, including filing a federal lawsuit   I am not trying to give you or your client a difficult time   I am simply trying to get the School District to honor our agreements and its repeated failures to do so is putting my firm into an untenable position

You should also know that I am using a reduced rate as the amended CLS fee schedule prescribes an hourly rate between $520-$590 for attorneys with my years of experience   Accordingly, in the event we are unable to resolve this amicably and I am forced to file suit, I will be requesting an hourly rate of $550

As for specific time entries, I know that it is the practice of the School District to refuse to pay for time spent preparing

Case 2:18-cv-04053-ER  Document 1  Filed 09/18/18  Page 33 of 97

Law Offices of David J Berney Mail : Stephanie B et al o/b/o T P v SDOP : Parents demand for attorney's fees and costs          9/18/18, 11 58 AM

time sheets and for time spent by my firms attorney's in participating in internal meeting, including attorney consultations and strategy meetings   But case law is quite clear that attorney time for such tasks are compensable


With regard to preparing time sheets, it is well established that such time is compensable. See, e g , Jones v Ill Central Railroad Co , 2011 WL 3862330, at *8 (W.D Tenn Aug 14, 2011)  Preparing time sheets is not considered a clerical task because counsel must review the time records to make sure that the billing is accurate and to redact any privileged information  See also Singmoungthong v Astrue, 2011 WL 2746711, at *6 (E D  Cal  July 13, 2011), Roberts v Astrue, 2011 WL 2746715, at *7 (E D  Cal  July 13, 2011), Stairs v Astrue, 2011 WL 2946177, at *3 (E D  Cal July 21, 2011), Fontana v Astrue, 2011 WL 2946179, at *3 (E D  Cal  July 21, 2011); VonBerckefeldt v Astrue, 2011 WL 2746290, at *7 (E D  Cal  July 14, 2011); Mugavero v  Arms Acres, Inc , 2010 WL 451045, at *8 (S D N Y  Feb. 9, 2010)  See also Alam v  Astrue, 2011 WL 2669607, at *3 (N D  Cal  July 7, 2011) (finding that two hours spent to prepare billing records was reasonable); Konits v  Valley Stream Central High Sch  Dist , 2011 WL 2747872, at *2 (E D N.Y. July 11, 2011) (finding that 20 hours was reasonable for preparing and organizing billing records and for researching and preparing papers for plaintiff's initial fee application)  See also generally Bagby v  Beal, 606 F 2d 411, 416 (3d Cir  1979) for proposition that time spent determining the appropriate amount of the fee is compensable


With regard to internal communications, the Third Circuit has always held that such internal communications are compensable for purposes of a fee petition  See Tenafly Eruv Ass'n, Inc  v  Borough, of Tenafly, 195 Fed  App'x 93, 99 ( 3d Cir  2006) (finding nothing unreasonable about approximately one hundred forty (140) hours that attorneys spent collectively on meetings and conference calls), Administratrix of Estate of Conway v  Fayette County Children and Youth Services, 2011 WL 3862394 at *6 (W D.Pa Aug  31, 2011) (permitting attorney compensation for internal meetings and strategy sessions, specifically noting "there is value in holding internal conferences and strategy meetings in the preparation and daily management of a case"), Gerszten v  University of Pittsburgh Cancer Institute Cancer Centers, 2009 WL 4639335 at *5 (W D.Pa  Dec  7, 2009) ("several attorneys participat[ing] in strategy meetings and discussions is reasonable" and therefore compensable), Buck v  Stankovic, 2008 WL 4072656 ((M D Pa  Aug  27, 2008) (strategy sessions between attorneys are compensable)  Additionally, courts have also held that work spent by more senior attorneys supervising junior attorneys is compensable  Parris v  Pappas, 844 F.Supp 2d 262, 267 (D. Conn  2012), In re Vioxx Products Liability Litigation, 802 F Supp 2d 740, 782 (E D  La  2011) (same), Smith v. Astrue, 2010 WL 4722044 at *2 (E D Wis , Nov  15, 2010) (supervising work does not constitute double billing)


I look forward to hearing back from you

David J  Berney, Esq
Berney & Sang
1628 JFK Boulevard
Suite 1000
Philadelphia, PA  19103
215 564 1030 (tel)
215 751 9739 (fax)
djberney@berneylaw com
www berneylaw.com

NOTICE  This e-mail message and any attachment(s) contain confidential information that may be legally privileged  If you are not the intended recipient, you must not review, use or disseminate this e-mail or any attachments to it  If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 215 564.1030 and delete this message  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by David J Berney, Esquire

Case 2:18-cv-04053-ER Document 1 Filed 09/18/18 Page 34 of 97

Law Offices of David J. Berney Mail · Stephanie B et al. o/b/o T P v SDOP · Parents demand for attorney's fees and costs                                    9/18/18, 11 58 AM

**17 attachments**

 **Sang Timesheet for T P - second due process - for counsel.pdf** 84K

Kalra Timesheet - T P - second due process - for counsel .pdf 83K

**Black-Smith Timesheet - for counsel.pdf**
45K

**Mahle.Timesheet.- for counsel.pdf**
135K

**Golembiewski Timeshet - B - 2017 - for counsel.pdf**
53K

**Kruzic timesheets - for counsel .pdf**
49K

**Sutton Invoice.pdf**
5K

**Shoener 01 - bill for reviewing records and writing report.pdf**
131K

**Shoener03 - bill.pdf**
16K

**invoice - transperfect 01.pdf**
63K

**INvoice- Clapper.pdf**
66K

**Invoice - Clapper 02.pdf**
63K

**Invoice - Ruttenberg Center.pdf**
113K

**Invoice - Hurewitz01.pdf**
112K

**Invoice - Hurewitz02.pdf**
115K

**Invoice - Hurewitz03.pdf**
129K

**B, Stephanie - T P - for counsel.pdf**
106K

# Exhibit D

Case 2:18-cv-04053-ER   Document 1   Filed 09/18/18   Page 36 of 97

Law Offices of David J Berney Mail - Stephanie B et al o/b/o T P v SDOP - Parents' demand for attorney's fees and costs                                                    9/18/18, 11 59 AM

 David Berney <djberney@berneylaw.com>

## Stephanie B et al o/b/o T.P. v. SDOP - Parents' demand for attorney's fees and costs

1 message

**David Berney** <djberney@berneylaw com>                                          Tue, Jun 12, 2018 at 11:16 AM
To "Coyle, John" <jcoyle@philasd org>

John,

Pursuant to your May 29, 2018 email and paragraph 5 of the Parties' Resolution Agreement, please consider this Parent's updated demand for attorney's fees and costs  Below is a breakdown of my firm's time and billing with supporting timesheets and invoices attached

David J Berney, Esquire – 56 7 hours X $495 per hour = $28,066 50
Megan Mahle, Esquire - 120 2 hours X $375 per hour = $45,075 00
Jennifer Sang, Esquire - 47 8 hours X $325 per hour = $15,535 00
Vanita Kalra, Esquire - 25 1 hours X $325 per hour = $8175 50
Morgen Black-Smith, Esquire -  6 hours X $325 per hour = $195 00
Kevin Golembiewski, Esquire - 13 3 hours X $255 00 per hour = $3391 50
Paralegal Jon Kruzic - 1 6 hours X $100 per hour = $160
Total Costs - $17,570 92 [$3850 (Virginia Sutton, Ph D ) + $1710 (OT Rachel Shoener) + $2590 75 (Karen Clapper) + $460 (Ruttenberg Center) + $8247 50 Felicia Hurewitz, Ph D  , $712.67 (Transperfect)]

Total bill = $118,169 42

The IDEA resolution agreement requires the School District to pay reasonable attorney's fees and costs within 60 days of receipt of the itemized attorney time sheets   I originally sent this demand along with supporting timesheets to Tammy Flail on **January 15, 2018.** Accordingly, payment of attorney's fees and costs was due by **March 16, 2018,** about three months ago  I am sending the updated demand in the hope that we can resolve this case without the need for me to file a federal complaint

As I am sure you are aware, the School District has routinely violated settlement agreements with my clients by failing to pay attorney's fees within the required time period as stipulated in our agreements  In many cases, it has taken the School District years to make good on its commitment to pay fees

As for specific time entries, I know that it is the practice of the School District to refuse to pay for time spent preparing time sheets and for time spent by my firms attorney's in participating in internal meeting, including attorney consultations and strategy meetings   But case law is quite clear that attorney time for such tasks are compensable

With regard to preparing time sheets, it is well established that such time is compensable  See, e g , Jones v  Ill
Central Railroad Co , 2011 WL 3862330, at *8 (W D  Tenn  Aug  14, 2011)  Preparing time sheets is not considered a
clerical task because counsel must review the time records to make sure that the billing is accurate and to redact any
privileged information  See also Singmoungthong v  Astrue, 2011 WL 2746711, at *6 (E D  Cal  July 13, 2011), Roberts
v  Astrue, 2011 WL 2746715, at *7 (E D  Cal  July 13, 2011), Stairs v. Astrue, 2011 WL 2946177, at *3 (E D  Cal  July
21, 2011), Fontana v  Astrue, 2011 WL 2946179, at *3 (E D. Cal  July 21, 2011); VonBerckefeldt v  Astrue, 2011 WL
2746290, at *7 (E.D  Cal  July 14, 2011), Mugavero v  Arms Acres, Inc , 2010 WL 451045, at *8 (S.D N Y  Feb  9,
2010)  See also Alam v  Astrue, 2011 WL 2669607, at *3 (N D  Cal. July 7, 2011) (finding that two hours spent to
prepare billing records was reasonable); Konits v  Valley Stream Central High Sch  Dist , 2011 WL 2747872, at *2
(E D N Y  July 11, 2011) (finding that 20 hours was reasonable for preparing and organizing billing records and for
researching and preparing papers for plaintiff's initial fee application). See also generally Bagby v  Beal, 606 F 2d 411,
416 (3d Cir  1979) for proposition that time spent determining the appropriate amount of the fee is compensable


With regard to internal communications, the Third Circuit has always held that such internal communications are
compensable for purposes of a fee petition  See Tenafly Eruv Ass'n, Inc  v  Borough, of Tenafly, 195 Fed App'x 93, 99
( 3d Cir  2006) (finding nothing unreasonable about approximately one hundred forty (140) hours that attorneys spent
collectively on meetings and conference calls), Administratrix of Estate of Conway v  Fayette County Children and
Youth Services, 2011 WL 3862394 at *6 (W D Pa Aug  31, 2011) (permitting attorney compensation for internal
meetings and strategy sessions, specifically noting "there is value in holding internal conferences and strategy
meetings in the preparation and daily management of a case"), Gerszten v  University of Pittsburgh Cancer Institute
Cancer Centers, 2009 WL 4639335 at *5 (W D Pa  Dec  7, 2009) ("several attorneys participat[ing] in strategy
meetings and discussions is reasonable" and therefore compensable), Buck v  Stankovic, 2008 WL 4072656
((M D Pa  Aug. 27, 2008) (strategy sessions between attorneys are compensable)  Additionally, courts have also held
that work spent by more senior attorneys supervising junior attorneys is compensable  Parris v  Pappas, 844
F Supp 2d 262, 267 (D  Conn  2012), In re Vioxx Products Liability Litigation, 802 F Supp 2d 740, 782 (E D  La  2011)
(same); Smith v  Astrue, 2010 WL 4722044 at *2 (E D.Wis , Nov  15, 2010) (supervising work does not constitute
double billing)


You had indicated in your email that you thought you could resolve this within  7-10 day following receipt of this email
so that it is unnecessary to file a federal lawsuit and needlessly accumulate more fees  I look forward to hearing back
from you


Best


Dave


David J  Berney, Esq
Berney & Sang
1628 JFK Boulevard
Suite 1000
Philadelphia, PA  19103
215 564 1030 (tel)
215 751 9739 (fax)
djberney@berneylaw com
www berneylaw com

NOTICE  This e-mail message and any attachment(s) contain confidential information that may be legally privileged  If
you are not the intended recipient, you must not review, use or disseminate this e-mail or any attachments to it  If you
have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 215 564 1030 and
delete this message  Please note that if this e-mail message contains a forwarded message or is a reply to a prior

Case 2:18-cv-04053-ER  Document 1  Filed 09/18/18  Page 38 of 97

Law Offices of David J Berney Mail - Stephanie B et a о/b/o ' P v SDOP - Parents' demand for attorney s fees and costs          9/'8/18, 11 59 AM

message, some or all of the contents of this message or any attachment(s) may not have been produced by David J Berney, Esquire

---

**17 attachments**

🗎 **Sang Timesheet for T P - second due process - for counsel.pdf** 84K

Kalra Timesheet - T P- second due process - for counsel .pdf 83K

🗎 **Black-Smith Timesheet - for counsel.pdf**
45K

🗎 **Golembiewski Timesheet - B - 2017 - for counsel.pdf**
53K

🗎 **Kruzic timesheets - for counsel .pdf**
49K

🗎 **Sutton Invoice.pdf**
5K

🗎 **Shoener 01 - bill for reviewing records and writing report.pdf**
131K

🗎 **Shoener03 - bill.pdf**
16K

🗎 **invoice - transperfect 01.pdf**
63K

🗎 **INvoice- Clapper.pdf**
66K

🗎 **Invoice - Clapper 02.pdf**
63K

🗎 **Invoice - Ruttenberg Center.pdf**
113K

🗎 **Invoice - Hurewitz01.pdf**
112K

🗎 **Invoice - Hurewitz02.pdf**
115K

🗎 **Invoice - Hurewitz03.pdf**
129K

🗎 **Mahle.Timesheet.- for John Coyle.pdf**
135K

🗎 **B, Stephanie - T P - for John Coyle.pdf**
107K

🗎

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| Date | Description | Time |
|------|-------------|------|
| 8/22/15 | email exchange with Vanita Kalra, Esquire re placement options | 0.1 |
| 8/24/15 | attorney-case consultation with Vanita Kalra, Esquire re potential tuition reimbursement case | 0.4 |
| 8/24/15 | attorney-case consultation with Vanita Kalra, Esquire re 10 day letter of intent to privately place student and filing due process for private placement | 0.4 |
| 8/25/15 | assisting client with 10 day notice of intent to privately place | 0.2 |
| 8/25/15 | email exchange with Vanita Kalra, Esquire re Parent's desire to privately place at the YALE School and case strategy | 0.1 |
| 8/27/15 | reviewing email from Felicia Hurewitz, Ph D re White Clay as potential placement for Student | 0.1 |
| 9/1/15 | organizing records | 0.1 |
| 9/6/15 | reviewing and responding to email from Vanita Kalra, Esquire re 9/6/15 Invitation to Participate form for 9/9/15 IEP meeting | 0.1 |
| 9/7/15 | reviewing email from Vanita Kalra, Esquire re re 9/6/15 Invitation to Participate form for 9/9/15 IEP meeting | 0.1 |
| 9/7/15 | email exchange with Vanita Kalra, Esquire re Parent's potential unilateral removal of Student from School District and placement at the YALE School | 0.1 |
| 9/8/15 | email exchanges with Vanita Kalra, Esquire re timing for Parent's removal of Student from School District | 0.2 |
| 9/29/15 | t/c with Vanita Kalra, Esquire re School District's proposed OT evaluation and Permission to Evaluate for OT needs | 0.2 |
| 10/1/15 | Meeting with Felicia Hurewitz, Ph D re Student's IEP and potential private placement case | 0.2 |
| 10/6/15 | reviewing and responding to email from Felicia Hurewitz, Ph D /BCBA re conference call | 0.1 |
| 10/10/15 | email exchange with Vanita Kalra, Esquire re upcoming IEP meeting | 0.1 |
| 10/22/15 | reviewing memo from expert, James Gillock, Ed D re report | 0.1 |

Stephanie P  et al o/b/o T P  v  School District of Philadelphia
Attorney  David Berney

|  | attorney-case consultation with Vanita Kalra, Esquire re Felicia Hurewitz, Ph D /BCBA  observation and strategy for potential due process case around | |
|---|---|---|
| 11/2/15 | placement | 0.2 |
|  | reviewing and responding to email from Vanita Kalra, Esquire re client email to | |
| 11/10/15 | school involving Student bullying incident | 0.1 |
|  | attorney-case consultation with Vanita Kalra, Esquire re bullying that Student is experiencing at school and regarding concusion that Student experienced at school when aide wasn't present and memo to file re same and strategy for appropriate | |
| 11/18/15 | placement and programming | 0.4 |
| 11/28/15 | email to Tammy Flail, re IEE | 0.1 |
|  | attorney-case consultation with Vanita Kalra, Esquire re having Parent file DHS | |
| 12/8/15 | complaint against school for neglect | 0.1 |
| 12/9/15 | emails to Tammy Flail re Gillock invoice | 0.1 |
| 12/21/15 | reviewing email from Tammy Flail, Esquire re Gillock invoice | 0.1 |
|  | editing letter from client to Principal Fatima Rogers at the Henry School re Student's | |
| 1/8/16 | safety | 0.1 |
|  | Attorney-case consultation with Vanita Kalra, Esquire re strategy for proving denial | |
| 1/13/16 | of FAPE and private placement | 0.4 |
|  | attorney-case consultation with Jennifer Sang, Esquire re case analysis and desired | |
| 1/14/16 | outcomes for Student | 0.2 |
|  | attorney case consultation with Vanita Kalra, Esquire re strengths and weaknesses of | |
| 1/14/16 | case | 0.4 |
|  | conference call with Felicia Hurewitz, Ph D  re her testing, observation, and what she identifies as the ways that the District has failed to provide FAPE and assisting | |
| 1/14/16 | Parent with correspondence to school principal regarding saftey issues at school | 0.6 |
|  | assisting Parent with correspondence to school principal regarding District's failure | |
| 1/15/16 | to keep student safe and truancy issues | 0.1 |
|  | reviewing email from Tammy Schmitt, Esquire re qualifications of one-one-one aide | |
| 1/17/16 | for Student | 0.1 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| 1/18/16 | t/c from Felicia Hurewitz, Ph D re strategy for moving forward with case | 0.1 |
|---|---|---|
| 1/20/16 | attorney-case consultations with Jennifer Sang, Esquire re strategy for addressing truancy and ensuring student's safety at school and moving case forward | 0.2 |
| 1/20/16 | email to Felicia Hurewitz, Ph D /BCBA regarding next steps for purposes of working up case | 0.1 |
| 1/22/16 | assisting Parent with follow-up letter to principal re Student's safety | 0.1 |
| 1/25/16 | reviewing email from Vanita Kalra, Esquire re timesheets | 0.1 |
| 1/26/16 | reviewing email from Vanita Kalra, Esquire re timesheets | 0.1 |
| 1/27/16 | t/c with Jim Gillock re IEE | 0.2 |
| 1/27/16 | email exchange with Vanita Kalra, Esquire re Gillock IEE and District's payment of same | 0.1 |
| 1/27/16 | reviewing emails from Jennifer Sang, Esquire re dependency proceedings | 0.1 |
| 1/28/16 | meeeting with Jennifer Sang, Esquire re strategy to transition Student back in school and Student's 1 on 1 aide | 0.1 |
| 1/28/16 | email exchange with Jim Gillock, re School District's payment for an IEE that I already paid him for | 0.1 |
| 1/29/16 | t/c from Jim Gillock re District ;payment of IEE | 0.1 |
| 2/9/16 | research on District's legal requirements for truancy prevention and whether District is discriminating against Student for failing to provide appropriate accommodationst to address Student's needs to allow Student to attend school | 1.3 |
| 2/10/16 | reviewing and responding to email from Jennifer Sang, Esquire re District ltr to parent and parent response about student's safety and student's 1 on 1 aide and offers of schools made by District | 0.1 |
| 2/16/16 | attorney-case consultation with Jennifer Sang, Esquire re District retaliation by reporting Parent to DHS | 0.1 |
| 2/27/16 | email to Tammy Flail, Esquire re IEE | 0.1 |
| 3/8/16 | research on Parents' Right to Observe Classroom and email to Jennifer Sang, Esquire re same | 0.2 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| | | |
|---|---|---|
| | attorney-case consultation with Jennifer Sang, Esquire, assigning Jennifer Sang, Esquire responsibility to reach out to opposing counsel re Parent's Right to Observe | |
| 3/21/16 | Classroom | 0.1 |
| 5/5/16 | attorney-case consultation with Jennifer Sang, Esquire discussing DHS investigation | 0.1 |
| 5/5/16 | reviewing and editing letter to Tammy Flail, Esquire re bruising on nose suffered by Student | 0.1 |
| 5/6/16 | attorney-case consultation with Jennifer Sang, Esquire re placement alternatives for balance of school year and 2016 2017 school year | 0.1 |
| 5/6/16 | attorney-case consultation with Jennifer Sang, Esquire re DHS letter closing investigation | 0.1 |
| 5/13/16 | revising correspondence to Tammy Flail, Esquire re potential other school options for Student | 0.3 |
| 10/26/16 | reviewing and responding to correspondence from Ginny Sutton, Ph.D re IEE | 0.2 |
| 12/26/16 | reviewing correspondence from client re scope of representation | 0.1 |
| 1/10/17 | attorney case consultation with Jennifer Sang, Esquire re Ginny Sutton, Ph D IEE | 0.1 |
| 1/18/17 | attorney-case consultation with Jennifer Sang, Esquire re re-assignment of case pending Jennifer Sang, Esquire maternity leave | 0.1 |
| 1/26/17 | attorney-case consultation with Jennifer Sang, Esquire re Sutton report and timing for filing due process complaint | 0.1 |
| 2/22/17 | attorney-case consultation with Jennifer Sang, Esquire re re-assignment of case to Megan Mahle pending Jennifer Sang, Esquire maternity leave | 0.1 |
| 3/3/17 | attorney-case consultation with Jennifer Sang, Esquire re case strategy | 0.1 |
| 4/19/17 | reviewing email from Tammy Schmitt, Esquire re updated records | 0.1 |
| 5/2/17 | reviewing correspondence from Tammy Schmitt, Esquire re records and organizing file | 0.1 |
| 5/2/17 | organizing file | 0.1 |
| 6/8/17 | reviewing email from Megan Mahle, Esquire re due process complaint | 0.1 |
| 6/9/17 | editing due process complaint | 0.2 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| | | |
|---|---|---|
| 6/12/17 | email exchange with Megan Mahle, Esquire re due process complaint, KOSHK date, and statute of limitations and claim for IEE | 0.1 |
| 6/12/17 | reviewing email from Megan Mahle, Esquire re KOSHK date and Statute of Limitations | 0.1 |
| 6/18/17 | reviewing and responding to email from Megan Mahle, Esq re her consultation with Dr Sutton and Parent's ongoing concerns re safety of Student in District | 0.1 |
| 6/18/17 | email exchange with Megan Mahle, Esq re Parent's ongoing safety concerns and potential private placements | 0.1 |
| 7/5/17 | reviewing and responding to email from Megan Mahle, Esquire re placement for Student, due process complaint and Dr Sutton report | 0.1 |
| 7/5/17 | attorney case consultation with Megan Mahle, Esquire re placement for Student, due process complaint and Dr Sutton report documenting safety concerns | 0.1 |
| 7/7/17 | reviewing email from Megan Mahle, Esquire re due process complaint | 0.1 |
| 7/17/17 | reviewing email from Tammy Flail, Esquire re request for continuance | 0.1 |
| 7/20/17 | reviewing email from Hearing Officer Brian Ford re hearing procedures and reviewing email from Hearing Officer Brian Ford re continuance | 0.1 |
| 7/23/17 | editing Parents' response to Motion to Dismiss and email exchange with Megan Mahle, Esquire re same | 0.3 |
| 8/6/17 | reviewing and editing Parents' Response to District's purported 10 day offer | 0.4 |
| 8/11/17 | attorney case consultation with Megan Mahle, Esquire re settlement possibilities and work-up of case to get it trial ready | 0.2 |
| 8/21/17 | reviewing and responding to email from Megan Mahle, Esquire re potential SLP and OT experts | 0.1 |
| 8/23/17 | reviewing and responding to email from Karen Hubert re Student records and placement at the YALE School | 0.1 |
| 8/23/17 | reviewing and responding to email from Megan Mahle, Esquire re retaining Karen Clapper and Rachel Shoener | 0.1 |
| 8/28/17 | t/c from client father re case | 0.1 |
| 8/29/17 | reviewing emails from Brian Ford and Tammy Schmitt re continuance request | 0.1 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney· David Berney

| 8/29/17 | reviewing email from client re District denying request for tuition reimbursement | 0.1 |
|---------|-----------------------------------------------------------------------------------|-----|
| 8/29/17 | email exchanges with Megan Mahle, Esquire re client contact to discuss case | 0.2 |
| 8/30/17 | reviewing and responding to email from Megan Mahle, re client meeting | 0.1 |
| 8/31/17 | t/c with client re timeline for case and anticipated date of resolution | 0.3 |
| 9/1/17 | email exchange with Megan Mahle, Esquire re lack of availability of funds for private placement | 0.1 |
| 9/8/17 | reviewing and responding to email from Megan Mahle, Esquire re settlement prospects and hearing preparation | 0.1 |
| 9/8/17 | reviewing and responding to email from Megan Mahle, Esquire re hearing prep and experts needed for hearing | 0.1 |
| 9/8/17 | reviewing and responding to email from Megan Mahle, Esquire re retaining speech and language expert | 0.1 |
| 9/8/17 | research for speech and language expert | 0.3 |
| 9/11/17 | researching speech and language expert Jamie Miller, M S , CCC-SLP re potential retention | 0.1 |
| 9/12/17 | email exchange with Megan Mahle, Esquire re retaining a speech and language expert | 0.1 |
| 9/12/17 | t/c from client re YALE acceptance of Student and email exchange with Megan Mahle re retaining expert speech pathologist | 0.1 |
| 9/12/17 | Attorney case consultation with Megan Mahle, Esquire regarding action steps needed for hearing readiness, experts and preparing for hearing | 0.3 |
| 9/14/17 | reviewing and responding to email from Ruttenberg Center re SLP expert to utilize in this case and reviewing resume of SLP Angela Grecia | 0.1 |
| 9/15/17 | email to speech and language expert SLP Angela Grecia re scope of her record review | 0.1 |
| 9/15/17 | email exchange with Megan Mahle, Esquire re YALE School admission and YALE School's unwillingness to allow Student to attend without payment | 0.1 |
| 9/15/17 | t/c to Karen Huber Admission School Director re YALE School admission and YALE School's unwillingness to allow Student to attend without payment | 0.1 |

Stephanie P. et al o/b/o T P  v  School District of Philadelphia
Attorney  David Berney

| | | |
|---|---|---|
| 9/15/17 | t/c with Karen Huber re School District's failure to pay tuition which is affecting YALE's decision to permit Student to start school | 0.2 |
| 9/15/17 | reviewing email from SLP Angela Grecia re SLP tests to administer to Student and email to Felicia Hurewitz, Ph D  re speech and language assessment | 0.1 |
| 9/15/17 | email to speech and language expert SLP Angela Grecia re SLP tests to administer to Student and potentially repeating previous S&L tests administered | 0.1 |
| 9/15/17 | email exchange with Felicia Hurewitz, Ph D  re updated evaluation | 0.1 |
| 9/15/17 | email exchange with Felicia Hurewitz, Ph.D  re deadlines for updated evaluation | 0.1 |
| 9/16/17 | reviewing and responding to email from Felicia Hurewitz, Ph D  re conference call with Megan Mahle, Esquire | 0.1 |
| 9/16/17 | reviewing and responding to email from Felicia Hurewitz, Ph D /BCBA  re re-administration of VB-MAPP to measure student progress | 0.1 |
| 9/16/17 | reviewing emails from SLP Angela Grecia re appropriateness of level of services being provided by District | 0.1 |
| 9/18/17 | reviewing Student records and compiling list of missing records | 1.6 |
| 9/19/19 | email exchange with Megan Mahle, Esquire re 5 day notice | 0.1 |
| 9/19/19 | email exchange with Megan Mahle, Esquire re Felicia Hurewitz, Ph D /BCBA conducting updated CBAs | 0.1 |
| 9/19/19 | reviewing Student records and compiling list of missing records | 1.1 |
| 9/20/17 | t/c with Megan Mahle, Esquire re strategy at upcoming hearing, updated testing by Felicia Hurewitz, Ph D /BCBA , Parent's 5 day notice, School District's 5 day notice, and placement options at the District for the 2017-2018 school year | 0.7 |
| 9/20/17 | continued reviewing Student records and compiling list of missing records | 0.5 |
| 9/20/17 | revising Parent's 5 day notice diclosing witnesses and exhibits | 1.4 |
| 9/25/17 | Attorney case consultation with Megan Mahle, Esq  regarding hearing strategy and preparation | 0.3 |
| 9/26/17 | reviewing and revising opening and direct examinations and t/c with Megan Mahle, Esquire re strategy for hearing | 1.4 |
| 9/28/17 | email exchange with Megan Mahle, Esquire re hearing | 0.1 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| Date | Description | Hours |
|---|---|---|
| 9/28/17 | email to Megan Mahle, Esquire re hearing outcome | 0.1 |
| 9/28/17 | reviewing email from MTammy Flail, Esquire re extension of decision due date and additional hearing dates for due process case | 0.1 |
| 9/29/17 | attorney-case consultation with Megan Mahle, Esquire hearing, missing records, KOSHK closing, and witnesses for next hearing | 0.3 |
| 10/2/17 | reviewing and responding to email from Megan Mahle, Esquire re Virginia Sutton Ph D hearing prep | 0.1 |
| 10/2/17 | reviewing and responding to correspondence from OT Rachel Shoener re record review and OT evaluation | 0.2 |
| 10/4/17 | email exchange with Megan Mahle, Esquire re exhibit binder | |
| 10/5/17 | reviewing and responding to correspondence from Transperfect Solutions re Parent's hearing exhibits | 0.1 |
| 10/6/17 | attorney-case consultation with Jennifer Sang, Esquire re school meeting with client and expert Felicia Hurewitz, Ph.D /BCBA and behavior of school officials during meeting | 0.1 |
| 10/6/17 | reviewing email from Jennifer Sang, Esquire re school meeting with (1) client, (2) expert Felicia Hurewitz, Ph D /BCBA, and (3) Tammy Flail and decorum of school officials during meeting | 0.1 |
| 10/8/17 | reviewing and revising KOSHK closing and email to Megan Mahle, Esquire and Kevin Golembiewski, Esquire re same and reviewing email from Megan Mahle, Esquire re same | 1.5 |
| 10/9/17 | reviewing and responding to email from Kevin Golembiewski, Esquire re KOSHK closing | 0.1 |
| 10/9/17 | reviewing and responding to email from Kevin Golembiewski, Esquire re theory of KOSHK for closing argument | 0.1 |
| 10/10/17 | reviewing 10/10/17 emails from Felicia Hurewitz, Ph D /BCBA re safety plan | 0.1 |
| 10/10/17 | reviewing and responding to email from Felicia Hurewitz, Ph D /BCBA re her assessment and potential report | 0.1 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| | email exchange with Jennifer Sang, Esquire re correspondence from client, documenting substance of safety plan meeting | |
|---|---|---|
| 10/10/17 | | 0.1 |
| 10/12/17 | reviewing email from client to Fatima Rogers re recent meeting to develop Safety Plan for Student | 0.1 |
| 10/24/17 | reviewing email from Eric Mitchell, Ph D re potential speech and language evaluation and email to Megan Mahle, Esquire re SLP expert | 0.1 |
| 10/25/17 | reviewing and responding to email from Megan Mahle, Esquire re retaining SLP expert | 0.1 |
| 11/2/17 | reviewing and responding to email from Megan Mahle, Esquire re Felicia Hurewitz, Ph D report and supplementing the exhibit list | 0.1 |
| 11/2/17 | email to Kevin Golembiewski, Esquire re drafting opening statement in case | 0.1 |
| 11/2/17 | email exchange with Kevin Golembiewski, Esquire re opening statement and email exchanges with Megan Mahle, Esquire re upcoming due process hearing | 0.1 |
| 11/2/17 | attorney-case consultation with Kevin Golembiewski, Esquire re opening statement | 0.2 |
| 11/2/17 | email to Felicia Hurewitz, Ph D -BCBA re expert report and record review | 0.1 |
| 11/2/17 | email exchange with Megan Mahle, Esquire re hearing prep and witnesses for next hearing session | 0.1 |
| 11/2/17 | email to Megan Mahle, Esquire re ruling on SOL KOSHK | 0.1 |
| 11/2/17 | t c and email with Felicia Hurewitz, Ph D BCBA re missing records and merits of case a | 0.2 |
| 11/2/17 | reviewing file for missing records that should still be provided by SDOP | 0.1 |
| 11/3/17 | conference call with Megan Mahle, Esquire discussing strategy, including order of witnesses, scope of testimony for our witnesses, opening statement, and themes and theories of case | 0.8 |
| 11/3/17 | email to Kevin Golembiewski, Esquire and Megan Mahle re themes to incorporate in opening statement | 0.2 |
| 11/4/17 | reviewing and responding to email from Megan Mahle, Esquire re Felicia Hurewitz, Ph D report | 0.1 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| | | |
|---|---|---|
| 11/5/17 | reviewing and responding to email from Megan Mahle, Esquire re Tammy Flail request for continuance in light of witness unavailability | 0.1 |
| 11/5/17 | reviewing Student records and compiling list of missing records | 1.3 |
| 11/6/17 | reviewing interim order on Statute of Limitations and email to Megan Mahle and Kevin Golembiewski, Esquire re Motion to Correct HO Order on KOSHK decision | 0.5 |
| 11/6/17 | review of records to compile list of missing records and email to Megan Mahle, Esquire re missing records | 2.7 |
| 11/6/17 | email to Megan Mahle, Esquire re full SLP evaluation | 0.1 |
| 11/7/17 | editing opening and email to Megan Mahle Esquire re same | 0.2 |
| 11/7/16 | reviewing and responding to emails from Megan Mahle, Esquire re District's request for a continuance | 0.2 |
| 11/7/17 | reviewing and responding to emails from Megan Mahle, Esquire re unavailability of witnesses for first day of hearing | 0.1 |
| 11/8/17 | continued reviewing Student records for purposes of compiling list of missing records | 1.2 |
| 11/8/17 | reviewing email from HO Brian Ford, cancelling due process hearing and email exchanges re Karen Clapper's proposed testimony, record review and potential assessments | 0.2 |
| 11/9/17 | continued reviewing Student records for purposes of compiling list of missing records, specifically reviewing  Student Schedule, Daily Reports 2016-2017 (394 pages), data sheets (78 pages), Discrete Trial Training Summaries (74 pages), 4 21 15 IEP at a glance, data collection (44 pages), Progress Monitoring and Discrete Trial Training (118 pages), reading data (41 pages), Recreation  Leisure and Behavior Data (43 pages), sight word assessment data, star profile data (7 pages), Student work product  2015-2016 (220 pages), Student work product - 2016-2017 (217 pages), miscellaneous additional student work product (84 pages), testing data (117 pages) | 2.9 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| Date | Description | Hours |
|------|-------------|-------|
| 11/10/17 | reviewing Student records: 2016-01-06 Professional Service Log - Occupational Therapy, 2016-02-23 2015-2016 Progress Report, 2016-03-02 Permission to Reevaluate - Consent Form , 2016-04-14 Functional Behavior Assessment, 2016-04-14 Invitation to Participate, 2016-04-18 Ten Day Waiver, 2016-04-19 Psychological Reevaluation, 2016-04-19 Reevaluation Report, 2016-04-20 Permission to Reevaluate - Consent Form, 2016-05-23 IEP NOREP, 2016-08-25 VB-MAPP Assessment, 2016-10-11 Reevaluation Report, 2016-10-25 Invitation to Participate | 1.3 |
| 11/10/17 | email exchange with Megan Mahle, Esquire re potential settlement | 0.2 |
| 11/10/17 | email exchanges with Megan Mahle, Esquire re missing records and potential settlement | 0.2 |
| 11/10/17 | email to Megan Mahle, Esquire re potential settlement counter-demand | 0.2 |
| 11/10/17 | organizing attorney timesheets | 0.3 |
| 11/10/17 | research for settlement agreement language entered into between attorneys from my firm and Tammy Flail, Esquire to serve as a template for settlement discussions | 0.1 |
| 11/10/17 | attorney-case consultation with Megan Mahle, Esquire discussing strengths and weaknesses of cases, merits of settling, and counter-demand to make to Tammy Flail, Esq | 0.5 |
| 11/13/17 | email exchanges with Megan Mahle, Esquire re District settlement offer and Parent counter-offer | 0.2 |
| 11/14/17 | reviewing email from Brian Ford, requesting conference call and possibly cancelling 11 17 17 hearing date | 0.1 |
| 11/14/17 | email exchange with Megan Mahle, Esquire re Parent's settlement demand and negotiations on comp ed in light of HO Brian Ford's order | 0.1 |
| 11/14/17 | reviewing emails from HO Brian Ford re conference call to discuss hearing date | 0.2 |
| 11/14/17 | reviewing email from Megan Mahle, Esquire re new due process hearing date | 0.1 |
| 11/14/17 | email exchanges with Megan Mahle, Esquire re demand for comp ed in light of hearing officer interim order on statute of limitations | 0.2 |
| 11/16/17 | reviewing email from expert SLP Karen Clapper re impressions of Student's VB-MAPP | 0.1 |

Stephanie P  et al o/b/o T P  v  School District of Philadelphia
Attorney  David Berney

| | | |
|---|---|---|
| 11/17/17 | reviewing and responding to email form Eric Mitchell  Ph D  re speech and language expert services provided to evaluate student's language needs | 0.1 |
| 11/17/17 | reviewing email from SLP Angela Grecia re work performed on case | 0.1 |
| 11/17/17 | reviewing email from Megan Mahle, Esquire re latest District settlement offer | 0.1 |
| 11/18/17 | reviewing and responding to email from Megan Mahle, Esquire re costs in case and email to Megan Mahle, Esquire re settlement counter demand | 0.1 |
| 11/19/17 | reviewing and responding to email from Megan Mahle, Esquire re various conditions that need to be satisifed in any settlement with the District | 0.1 |
| 11/20/17 | reviewing and responding to email from Felicia Hurewitz, Ph D  BCBA  re OT report and potential testimony by OT expert if case does not settle | 0.1 |
| 11/20/17 | reviewing  S  v  Reg'l Sch  Unit 72, 2017 U S  Dist  LEXIS 191257 re statute of limitations | 0.1 |
| 12/1/17 | attorney-case consultation with Megan Mahle, Esquire re status of receipt and mark-ups of settlement draft from District counsel | 0.1 |
| 12/1/17 | reviewing and responding to email from Megan Mahle, Esquire re update on settlement status and drafting proposed email response | 0.1 |
| 12/7/17 | reviewing and making additional revisions to draft settlement agreement | 0.4 |
| 12/8/17 | reviewing and responding to email from Megan Mahle, Esquire re Hearing Officer Ford's email asking about status of hearing | 0.1 |
| 12/8/17 | tc to and email exchange with Megan Mahle, Esquire re hearing dates for next week | 0.1 |
| 12/8/17 | Attorney-case consultation with Megan Mahle, Esquire re settlement agreement continuance and hearing dates | 0.2 |
| 12/11/17 | reviewing and responding to email from Megan Mahle, Esquire re cancellation of speech and language evaluation in light of progress in settlement discussions | 0.1 |
| 12/11/17 | reviewing email from HO Ford re decision due date | 0.1 |
| 12/12/17 | reviewing and completing revisions to resolution agreement, email to Megan Mahle, Esquire and attorney-case consultation with Megan Mahle, Esquire re settlement | 0.6 |

Stephanie P  et al o/b/o T P  v  School District of Philadelphia
Attorney  David Berney

| | | |
|---|---|---|
| 12/13/17 | email exchange with Megan Mahle  Esquire re filing a second complaint asking for The YALE School placement and reviewing and responding to email from Megan Mahle  Esquire re The YALE School placement | 0.1 |
| 12/13/17 | reviewing and responding to correspondence from Karen Clapper  SLP re expert report | 0.2 |
| 12/13/17 | revising due process complaint and email exchange with Megan Mahle, Esquire re same | 0.1 |
| 12/13/17 | reviewing and responding to email from Felicia Hurewitz, Ph D  BCBA  re settlement | 0.1 |
| 12/18/17 | email exchange with Megan Mahle, Esquire re due process complaint | 0.1 |
| 12/19/17 | reviewing email from HO Skidmore re hearing | 0.1 |
| 12/21/17 | reviewing and responding to email from Megan Mahle, Esquire re timesheets and Parent's attorney's fees | 0.2 |
| 12/23/17 | reviewing and responding to email from Megan Mahle, Esquire re District's refusal to include language in the agreement to permit comp ed to be used for evaluations and ndependent consultants | 0.1 |
| 12/23/17 | reviewing and revising revisions made by District counsel to resolution agreement and email to Megan Mahle, Esquire re same | 0.3 |
| 12/23/17 | email to Megan Mahle, Esquire re timesheets | 0.1 |
| 12/23/17 | reviewing correspondence from Transperfect re Student records for due process hearing | 0.1 |
| 12/26/17 | email exchange with Karen Clapper, Esquire re evaluation and expert invoices | 0.1 |
| 12/26/17 | reviewing and responding to email from Felicia Hurewitz Ph D  re her work on case and satisfaction of invoices | 0.1 |
| 12/26/17 | reviewing email from Felicia Hurewitz, Ph D  BCBA  re Student placement at The YALE School | 0.1 |
| 12/28/17 | reviewing emails from hearing officer re status and resolution of case | 0.1 |
| 12/28/17 | email exchanges with Felicia Hurewitz, Ph D  BCBA  re work performed on case | 0.2 |

Stephanie P et al o/b/o T P v School District of Philadelphia
Attorney David Berney

| | | |
|---|---|---|
| 12/29/17 | reviewing email from Megan Mahle, Esquire re expert Virginia Sutton, Ph d invoice for services | 0.1 |
| 12/29/17 | reviewing email from Felicia Hurewitz, Ph D BCBA re invoice for services and outcome of case | 0.1 |
| 12/29/17 | email to Megan Mahle, Esquire re Dr Virginia Sutton's invoice for services | 0.1 |
| 12/29/17 | reviewing email from Felicia Hurewitz, Ph D BCBA re additional invoices for services and organizing file | 0.1 |
| 12/30/17 | reviewing and responding to email from Megan Mahle, Esquire re Parents' demand for attorney's fees and costs | 0.1 |
| 12/31/17 | reviewing and responding to email form Megan Mahle, Esquire re her hours and attorney time | 0.1 |
| 1/1/18 | reviewing email from Brian Ford, re case closure | 0.1 |
| 1/2/18 | reviewing email from Megan Mahle, Esquire re timesheets for purposes of drafting attorney fee demand | 0.1 |
| 1/2/18 | reviewing and responding to email from Megan Mahle, Esquire re her timesheets for purposes of drafting attorney fee demand and reviewing email from Hearing Officer | 0.1 |
| 1/8/18 | reviewing and responding to email from Megan Mahle, Esquire re timesheets | 0.1 |
| 1/8/18 | started reviewing and revising timesheets for purposes of formulating Parents' demand for attorney's fees and costs pursuant to paragraph 5 of the parties agreement | 2.6 |
| 1/14/18 | continued reviewing and revising timesheets for purposes of formulating Parents' demand for attorney's fees and costs pursuant to paragraph 5 of the parties agreement | 1.8 |
| 1/14/18 | started drafting Parent's demand for attorney's fees and costs pursuant to paragraph 5 of the parties' agreement | 0.8 |
| 1/15/18 | reviewing invoices generated from Felicia Hurewitz, Ph D and email exchanges with Felicia Hurewitz, Ph D re questions about invoices | 0.2 |
| 1/15/18 | finalizing Parent's demand for attorney's fees and costs pursuant to paragraph 5 of the parties' agreement | 0.4 |

Stephanie P  et al o/b/o T P  v  School District of Philadelphia
Attorney  David Berney

| | | |
|---|---|---|
| 2/1/18 | email exchange with Megan Mahle, Esquire re due date for District payment to YALE School and email to Tammy Schmitt re whether District has a response to Parent's demand | 0.1 |
| 2/26/18 | reviewing and resopnding to email from Megan Mahle, Esquire re District's failure to offer any amount in attorney's fees and costs and email exchanges with Tammy Schmitt re whether District has any offer to Parent's settlement demand for fees and costs | 0.1 |
| 3/11/18 | email to Megan Mahle, Esquire re District's failure to offer any amount in attorney's fees and costs | 0.1 |
| 3/25/18 | email to Megan Mahle, Esquire re YALE School placement for Student | 0.1 |
| 5/2/18 | reviewing and responding to email from Megan Mahle, Esquire re update on payment of attorney's fees and costs | 0.1 |
| 5/29/18 | email to John Coyle, Esq  re fee demand | 0.1 |
| 5/29/18 | reviewing email from John Coyle, Esquire re fee demand | 0.1 |
| 5/31/18 | attorney-case consultation with FH re IEP meeting at YALE School | 0.2 |
| 5/31/18 | email to Karen Huber at YALE School re Student placement pursuant to resolution agreement | 0.1 |
| 6/12/18 | preparing and sending updated fee demand to John Coyle, Esquire | 0.5 |
| June, 2018 | projected time negotiating settlement of Parent's demand for attorney's fees and costs | 1.0 |
| | **Total Hours** | **56.7** |
| | **Hourly Rate** | **$495.00** |
| | **Lodestar** | **$28,066.50** |
| | | |
| | | |
| | | |

**Timesheet: Stephanie B et al o/b/o T.P. v. SDOP**
**Attorney time: Megan Mahle, Esq.**

| Date | Description | Time |
|---|---|---|
| **March 2017** | | |
| 3/4/17 | Review email from Jennifer Sang, Esq. assigning me case and providing case information (0.1)  Draft response (0.1). | 0.2 |
| 3/6/17 | Email to parent re case transition (0.1). | 0.1 |
| 3/7/17 | Email to parent regarding case (0.1).  Review Student records (0.2). | 0.3 |
| 3/8/17 | T/C w/cl regarding update on status of student and absence of 1:1 aide at school today and lack of substitute 1:1 aide, speech and language services, future placement and programming (0.4). | 0 4 |
| 3/9/17 | Review and respond to email from cl that 1:1 not there again (0.1) | 0.1 |
| 3/10/17 | Review and respond to email from cl that 1:1 not there for third day (0.1). | 0.1 |
| 3/20/17 | Review and respond to email from cl regarding lack of information for speech sessions (0.2).  T/c with cl regarding her concerns with lack of information regarding speech sessions (0.2). | 0.4 |
| 3/21/17 | Review and respond to email from cl regarding response from school that speech therapist left (0.2). | 0.2 |
| 3/28/17 | Draft email to expert regarding report (0.1). | 0.1 |
| 3/29/17 | Draft email to cl regarding status of speech services and review response (0.2). | 0.2 |
| 3/30/17 | Review SDOP records (0.8).  Draft updated record request for SDOP (0.1).  Draft email to cl regarding updated health authorization, Parent response to school re: speech (0.2). | 1.1 |
| 3/31/17 | Review and respond to email from Dr. Sutton regarding evaluation (0.1).  Draft email to cl regarding PASA and provision of speech and respond to cl email re: same (0.1). | 0.2 |
| **April 2017** | | |
| 4/4/17 | Draft email to cl regarding FBA (0 1). | 0.1 |
| 4/6/17 | Review expert report (0.3).  Draft email to expert regarding records (0.1).  Review records and provide additional records to expert (0.5). | 0.9 |
| 4/7/17 | T/c with expert to review report, identify outstanding information that still needs to be obtained (1.5). | 1.5 |
| 4/20/17 | Review and respond to email from cl regarding FBA (0.1).  T/c with cl regarding FBA, concerns about education, issues with dismissal (0.2)  Review and respond to email from cl regarding dismissal (0.1). | 0.4 |
| 4/21/17 | Review and respond to emails from cl regarding SLP, PASA, progress reports (0.2). | 0.2 |
| **May 2017** | | |
| 5/19/17 | Review records and draft due process complaint (1.1).  Draft email to cl regarding due process complaint (0.1).  Review and respond to cl's edits to due process complaint (0.1). | 1.3 |

| 5/23/17 | Draft email to cl re: Dr. Sutto evaluation and Due Process Complaint (0.1). Review and respond to email from cl that student not receiving SLP (0.1). | 0.2 |
|---------|---------|-----|
| 5/25/17 | Review and respond to email from expert Virginia Sutton, Ph.D. regarding evaluation and question regarding prior eval (0.2). | 0.2 |
| **June 2017** | | |
| 6/1/17 | Review 2016 reevaluations to compare and contrast with current evaluation (1 2). Draft email to expert Virginia Sutton, Ph.D. regarding her evaluation (0.1). T/c with cl regarding ESY and discussing Student's need for ESY (0.1). | 1.4 |
| 6/9/17 | Edit complaint (0.2). Draft email to David J. Berney, Esq., regarding complaint (0.1). Review and respond to email from expert Virginia Sutton, Ph.D. regarding corrections to expert report (0.2). Draft email to cl regarding DHS report (0.1). | 0.6 |
| 6/15/17 | Review and respond to email from cl regarding her concerns for ESY (0.1). T/c with cl regarding student being lost in transit (0.2). | 0.3 |
| 6/16/17 | T/c with expert Virginia Sutton, Ph.D. regarding prior evaluations (0.2). Draft email to cl regarding bus incident and student being lost in transit (0.1). T/c with cl regarding bus incident and student being lost in transit (0.1). | 0.4 |
| 6/22/17 | Review email from expert Virginia Sutton, Ph.D. regarding evaluation report (0.1). T/c with cl regarding ESY (0.1). | 0.2 |
| **July 2017** | | |
| 7/5/17 | Review evaluation report and draft email to cl and Virginia Sutton, Ph.D. regarding certain factual errors (0.5). Draft email to David J. Berney, Esq., regarding evaluation report (0.1); Attorney-case consultation with David Berney, Esquire re placement for Student, due process complaint and Dr. Sutton report documenting safety concerns (0.1) | 0.7 |
| 7/6/17 | Review finalized evaluation report (0.2). Edit due process complaint (0.2). Draft email to cl regarding review of due process complaint (0.1). | 0.5 |
| 7/7/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding due process complaint and review response (0.1). Draft email to ODR regarding filing of due process complaint (0.1). Review and respond to email from cl regarding due process complaint (0.1). | 0.3 |
| 7/11/17 | T/c with cl. Cl reports very chaotic scene at first day of extended day. Cl and Student were waiting in auditorium to be called by teacher, but never were called, no 1:1 appeared. Sonya Berry observed the chaos. Cl also reported that while waiting, a teenager with special needs got very agitated and staff could not manage, so police were called. Student was afraid of incident. Cl has concerns about ESY program. (0.3). Review and respond to emails from opposing counsel, Tammy Flail (0.1). | 0.4 |

| | | |
|---|---|---|
| 7/12/17 | Draft email to cl regarding chaos surrounding first day of ESY (0.2). | 0.2 |
| 7/13/17 | Draft email to cl regarding ESY and review response (0.2).  Review notice from ODR regarding hearing (0.1).  Review email from opposing counsel, Tammy Flail, Esq., regarding resolution session (0.1).  Draft email to cl regarding resolution session (0.1).  Draft email to opposing counsel confirming resolution session date (0.1). | 0.6 |
| 7/17/17 | Review email from opposing counsel, Tammy Flail, Esq., regarding continuance request (0.1).  Draft email to cl regarding notice of hearing and continuance request (0.1).  Review District Answer and Motion to Dismiss (0.2).  Draft email to HO Ford regarding permission to respond to MTD (0.1).  Draft email to cl regarding answer and motion to dismiss (0.2).  T/c to cl regarding possible settlement options (0.1).  Review records provided by parent (0.6). | 1.4 |
| 7/18/17 | Meetings with client (1.5).  Attended meeting with opposing counsel and District representative and parents (1.0) | 2.5 |
| 7/19/17 | Attorney case consultation with Jennifer Sang, Esq. analyzing case and having strategy session (0.8).  Review records produced by District (0.8). | 1.8 |
| 7/20/17 | Draft email to cl regarding possible settlement demand (0.2).  Review and respond to email from opposing counsel, Tammy Flail, Esq., regarding possible in-District alternative placements (0.1).  Review email from Tammy Flail, Esq. regarding resolution data sheet (0.1).  Review email from Hearing Officer Ford granting permission to respond to Motion to Dismiss (0.1).  T/c with cl regarding settlement possibilities, next steps of case (0.2).  Draft email to cl regarding new hearing date (0.1). | 0.8 |
| 7/23/17 | Draft response to motion to dismiss (0.5).  Draft email to David J. Berney, Esq. regarding motion and review response (0.1). | 0.6 |
| 7/24/17 | Perform edits to response to motion to dismiss and draft email to HO regarding response (0.2).  Review email from opposing counsel, Tammy Flail, Esq., to HO Ford regarding proposed hearing date (0.1). | 0.3 |
| 7/27/17 | Review email from opposing counsel, Tammy Flail, Esq., to HO Ford regarding possible continuance (0.1). | 0.1 |
| 7/28/17 | Review purported 10-day offer from opposing counsel, Tammy Flail, Esq. (0.2). | 0.2 |
| | | |
| **August 2017** | | |
| 8/1/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding joint request to extend decision due date and review response (0.1).  Review additional records provided by District (0.4).  Draft email to cl regarding settlement offer from District and review response (0.1). | 0.6 |
| 8/3/17 | Review and respond to email from Tammy Flail, Esq., regarding extension of time for disclosures (0.1).  Draft response to purported 10-day letter (0.2) and draft email to David J. Berney, Esq., regarding same (0.1). | 0.4 |

| 8/4/17 | Review email from HO Ford cancelling hearing for 8/11 (0.1). Review and respond to email from opposing counsel, Tammy Flail, Esq., regarding new dates for hearing (0.1). | 0.2 |
|---|---|---|
| 8/7/17 | Review edits by David Berney to response to purported 10-day offer and perform edits (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding response to "10-day offer letter" and scheduling and review response (0.1). Review email from opposing counsel regarding to HO Ford regarding new hearing date (0.1). | 0.3 |
| 8/11/17 | T/c to opposing counsel, Tammy Flail, Esq. (0.1). Email to cl re: settlement, response to offer (0.2). Attorney case consultation with David J. Berney regarding settlement prospects and action steps needed to get case trial ready (0.2). | 0.5 |
| 8/14/17 | Review email from opposing counsel, Tammy Flail, Esq., regarding possible settlement (0.1). | 0.1 |
| 8/16/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding any counteroffer from the District and review response (0.1). | 0.1 |
| 8/17/17 | Draft email to cl regarding status of settlement negotiations (0.1). | 0.1 |
| 8/21/17 | Review and respond to email from cl regarding status of settlement (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding settlement and review response (0.1). Draft email to cl regarding next steps, potential experts (0.1). Review additional records provided by District (0.2). Draft email to expert, Virginia Sutton, Ph.D. regarding additional records (0.1). Draft email to David J. Berney, Esq. regarding status of case and placement of student (0.1). | 0.7 |
| 8/22/17 | Draft emails to Felicia Hurewitz, expert, regarding observations of student, recommendations for student and review responses (0.3). | 0.3 |
| 8/23/17 | Draft email to cl regarding next steps, possible placement options for student (0.2). T/c with cl regarding placement options (0.2). Draft email to cl regarding 10-day private placement notice (0.1). T/c with cl regarding delay in resolution of case and speaking to David J. Berney, Esq. (0.1). Draft email to David J. Berney, Esq. regarding same (0.1). Review and respond to email from cl regarding fax confirmation of 10-day notice for private placement (0.1). | 0.8 |
| 8/24/17 | Review email from cl with fax confirmation (0.1). Review email from David Berney, Esq., requesting that I forward records to YALE school (0.1). Prepare records and email to Karen Huber at YALE (0.2). Review email from David J. Berney, Esq., regarding potential OT and SLP experts (0.1). Draft email to potential OT expert (0.1). T/c to Karen Clapper, possible SLP expert (0.1). | 0.7 |
| 8/25/17 | Review and respond to email from cl regarding 10-day-notice of intent to privately place and next steps in case (0.1). | 0.1 |
| 8/28/17 | Review and respond to email from cl regarding providing records to YALE (0.1). Draft email to Karen Huber at YALE regarding records (0.1). | 0.2 |
| 8/29/17 | Draft email to HO Ford regarding prior request for new date (0.1). | 0.6 |

| | | |
|---|---|---|
| | Review email from HO Ford regarding new hearing date (0.1). Review email from opposing counsel, Tammy Flail, Esq., regarding unavailability of District witness and HO response (0.1). Draft email to cl regarding hearing date (0.1). Review letter provided by cl from District declining private placement (0.1). Draft email to cl regarding conference call to discuss case (0.1). | |
| 8/30/17 | Review notice of rescheduled hearing and send same to cl (0.1). | 0.1 |
| **September** | | |
| 9/1/17 | email exchange with David Berney, Esquire re lack of availability of funds for private placement (0.1) | 0.1 |
| 9/6/17 | Review and respond to emails from cl regarding IEP meeting (0.2). | 0.2 |
| 9/7/17 | Review and respond to email from OT expert, Rachel Shoener regarding missing records (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding missing OT records and review response (0.1). Review email from HO Ford regarding scheduling and review response of Tammy Flail, Esq., to HO email (0.1). | 0.3 |
| 9/8/17 | Review and respond to emails from Karen Huber at YALE regarding acceptance and possible admission of student (0.2) Review and respond to emails from OT expert, Rachel Schoener, regarding need for additional records (0.2). Reviewing and responding to emails from David J. Berney, Esq., regarding SLP experts, settlement prospects and hearing prep. (0.1). T/c to potential SLP experts (0.2). | 0.7 |
| 9/11/17 | Draft email to OT expert regarding conducting evaluation (0.1). Draft email to cl regarding OT evaluation (0.1). Draft email to OT expert regarding scheduling (0.1). | 0.3 |
| 9/12/17 | Attorney case consultation with David J. Berney regarding action steps needed for preparing for hearing (0.3). Review email from cl regarding SLP Kate, from CHOP (0.1). T/c with Kate SLP from CHOP, she reported that her sessions with student ended, she repeatedly tried to get information from District to coordinate services and never received any response (0.2). Draft emails to cl regarding conversation with SLP Kate and need for 9/16 evaluation, scheduling t/c (0.2). | 0.8 |
| 9/13/17 | T/c with cl to prepare for IEP meeting (0.2). Draft email to cl regarding IEP meeting (0.1). | 0.3 |
| 9/14/17 | T/c with cl regarding IEP meeting (0.1). Review letter from YALE provided by cl accepting him into school (0.1). | 0.2 |
| 09/15/17 | T/c to cl re: enrollment at YALE (0.2). T/c to Karen Huber at YALE (0.1). Draft email to David J. Berney, Esq. regarding school placement (0.1). T/c to cl regarding school placement and hearing prep (0.5). Review and respond to email from possible SLP expert (0.2)  Review and respond to emails from David J. Berney, Esq. and Felicia Hurewitz Ph.D./BCBA re hearing prep and YALE School admission (0.2). Review records for hearing (0.2). Review email from cl regarding 1:1 (0.1). | 1.6 |

| 09/16/17 | Review and respond to email from possible SLP expert (0.1). Review emails from David J. Berney regarding SLP expert (0.1). Draft email to Felicia Hurewitz regarding SLP (0.1). | 0.3 |
|---|---|---|
| 09/17/17 | Review OT IEE evaluation and records review (1.0). Draft email to OT evaluator regarding receipt of report (0.1). Review email from OT evaluator regarding report (0.1). T/c with expert, Felicia Hurewitz, regarding hearing prep and strategy and (0.5). Review, select, and prepare exhibits for hearing (3.0). | 4.7 |
| 09/18/17 | Start drafting 5-day notice (0.2). Continued selecting and preparing exhibits for hearing (1.1). T/c to cl x 2 regarding hearing, next steps, educational placement (0.5). T/c to Karen Huber at YALE (0.1). Draft email to hearing officer regarding hearing practices (0.1). Review exhibits (0.5). | 2.5 |
| 09/19/17 | Review records, continued selecting and preparing records for hearing, prepare 5-day notice (8.0). Draft email to David J. Berney, Esq., regarding 5-day notice (0.1). | 8.1 |
| 09/20/17 | Continued reviewing, selecting and preparing records for hearing (4.5). T/c to cl regarding school placement, next steps to get Student into private placement, evaluation by Felicia Hurewitz, & SLP evaluation (0.4). Draft email to David J. Berney, Esq., regarding school placement (0.1). T/c with David J. Berney, Esquire re strategy at upcoming hearing, updated testing by Felicia Hurewitz, Ph.D., Parent's 5 day notice, School District's 5 day notice, and placement options at the District for the 2017-2018 school year (0.7). T/c with cl regarding school placement (0.1). Edit 5-day notice and draft email to opposing counsel regarding case (1.1). Review and respond to email from opposing counsel regarding conference call (0.1). Review disclosures and exhibits provided by opposing counsel (0.3). Draft email to Jennifer Sang, Esq., regarding email exhibits and review response (0.1). | 7.4 |
| 9/21/17 | Review additional records and prepare records for hearing (2.2). T/c with opposing counsel re: hearing, email to HO, additional records (0.5). Draft emails to opposing counsel, Tammy Flail, Esq. Review email from Tammy Flail, Esq. to Hearing Officer Ford (0.1). | 2.8 |
| 9/22/17 | T/c with Virginia Sutton, Ph.D. regarding hearing preparation and review of educational records (1.5). | 1.5 |
| 9/25/17 | Review records and draft questions for hearing (1.5). Attorney case consultation with David J. Berney, Esq. regarding hearing strategy and preparation (0.3). T/c with cl to prepare for hearing (1.2). T/c with cl and Felicia Hurewitz regarding school placement (0.2). Hearing prep (3.5). | 6.7 |
| 9/26/17 | Hearing preparation (2.5). T/c with cl regarding testimony (0.6). | 3.1 |
| 9/27/17 | Review questions for hearing and opening KOSHK statement (1.4). Review email from HO and opposing counsel regarding late arrival (0.1). Travel to and participate in hearing (11.5). | 13.0 |
| 9/28/17 | Draft outline for closing arguments for KOSHK hearing (0.1). Email | 0.3 |

| | with cl regarding school meeting (0.1).  Review and respond to email from HO Ford regarding next dates of hearing and extension of decision due date (0.1). | |
|---|---|---|
| 9/29/17 | Begin drafting KOSHK closing (0.3).  Attorney case consultation with David J. Berney, Esq. regarding status of hearing, KOSHK closing, witnesses for next hearing date, missing records (0.3).  Draft emails to cl and expert Felicia Hurewitz, Ph.D. regarding school meeting (0.1). | 0.7 |
| 9/30/17 | Review and respond to emails from cl and expert Felicia Hurewitz regarding meeting with school (0.1). | 0.1 |
| **October 2017** | | |
| 10/2/17 | Draft KOSHK closing (1.0).  Review and respond to email from cl regarding school meeting (0.1). | 1.1 |
| 10/3/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding transcript for hearing (0.1). | 0.1 |
| 10/4/17 | T/c from cl regarding meeting with school (0.1). Draft emails to opposing counsel, Tammy Flail, Esq., regarding closing arguments (0.2).  Draft emails to David J. Berney regarding closing argument (0.1).  Draft emails to cl and Felicia Hurewitz Ph.D. regarding school meeting (0.2).  Draft email to Jennifer Sang, Esq., regarding school meeting (0.1).  Draft email to HO Ford regarding extension of due date for closing (0.1).  Draft email to Tammy Flail, Esq., regarding meeting with school (0.1). | 0.9 |
| 10/5/17 | T/c from cl regarding school meeting and concerns (0.1).  Draft email to Jennifer Sang, Esq., regarding cl concerns (0.1)  T/c with Felicia Hurewitz regarding observation, student needs (1.0).  Draft email to Jennifer Sang, Esq. regarding agenda for school meeting (0.1).  Review emails from Jennifer Sang, Esq. regarding school meeting (0.1). | 1.4 |
| 10/6/17 | Review and respond to email from Jennifer Sang, Esq., regarding outcome of school meeting (0.1)   Draft KOSHK closing argument and research KOSHK factors (1.5). | 1.6 |
| 10/7/17 | Review student work product produced by parent (0.2).  Draft email to Felicia Hurewitz, Ph.D./BCBA regarding student work product (0.1).  Review exhibits from hearing and draft KOSHK closing (3.5). | 3.8 |
| 10/8/17 | Draft KOSHK close (2 5).  Review and respond to email from David J. Berney, Esq., regarding KOSHK closing (0.1). | 2.6 |
| 10/9/17 | Review emails from David J. Berney, Esq. and Kevin Golembiewski., Esq. regarding KOSHK close (0.2).  Edit KOSHK closing and draft email to HO regarding same (0.2). | 0.4 |
| 10/10/2017 | Review and respond to email from expert, Dr. Sutton, regarding hearing dates and preparation (0.1). | 0.1 |
| 10/11/17 | Review emails from Jennifer Sang, Esq., David J. Berney, Esq., and Felicia Hurewitz regarding safety plan meeting and respond (0.1).  Draft email to cl to provide KOSHK closing arguments and transcript (0.1).  T/c with cl regarding safety plan meeting and PTRE (0.2).  T/c with Jennifer Sang, Esq., regarding safety plan meeting, strategy and | 1.2 |

| | | |
|---|---|---|
| | next steps (0.7). Review email from Jennifer Sang, Esq. regarding safety plan meeting (0.1). | |
| 10/12/17 | Review emails from cl (0.2). T/c with expert Felicia Hurewitz regarding observations and meeting (1.5). | 1.7 |
| 10/20/17 | Review and respond to email from cl regarding lack of response to email about targeted behavior (0.1). Review and respond to email from opposing counsel regarding witnesses for hearing (0.1). | 0.2 |
| 10/24/17 | T/c with cl regarding PTRE, student reporting other student hitting others every day (0.1). Review email provided by cl from school regarding incidents (0.1). | 0.2 |
| 10/25/17 | Review and respond to email from David J. Berney regarding SLP (0.1). Review email from Felicia Hurewitz regarding school response to targeted behaviors and District's decision to inappropriately target behavior he is not even capable i.e., work independently for 15 min (0.1). | 0.2 |
| 10/26/17 | T/c with opposing counsel Tammy Schmitt re: hearing and witness on bedrest (0.2). Draft email to cl regarding Student's observations in school (0.1). Draft email to potential expert regarding evaluation (0.1). | 0.4 |
| 10/27/17 | Review email from Jennifer Sang, Esq. regarding potential SLP expert evaluation (0.1). | 0.1 |
| 10/30/17 | Review email from Jennifer Sang, Esq. and potential SLP expert, Karen Clapper regarding record review (0.1). | 0.1 |
| | | |
| **November 2017** | | |
| 11/1/17 | Review exhibits to prepare for hearing (0.5). Review expert report provided by Felicia Hurewitz (0.2). | 0.7 |
| 11/2/17 | Draft email to Felicia Hurewitz regarding report (0.1). Draft email to opposing counsel regarding exhibits, expert report and email exchange with David Berney, Esauire re hearing prep. (0.1). T/c with Felicia Hurewitz regarding report (0.1). T/c with cl regarding hearing prep, current status with school (0.1). Review email from cl regarding uniform issue (0.1). | 0.5 |
| 11/3/17 | Review exhibits and draft questions for witnesses in preparation for hearing (0.8). Attorney case consultation with David J. Berney, Esq., regarding order of witnesses for hearing, scope of testimony for our witnesses, opening statement, and themes and theories of case (0.8). Attorney case consultation with Kevin Golembiewski, Esq., regarding opening statement (0.5). T/c with cl regarding hearing and concerns about teacher's interactions with student (0.2). Draft email to HO Ford regarding status of KOSHK decision (0 1). | 2.4 |
| 11/4/17 | Review exhibits and draft outline of questions for examining Student's teacher at hearing (0.6). | 0.6 |
| 11/5/17 | Draft email to cl regarding concerns from Friday (0.1). Review and respond to email from opposing counsel regarding availability of | 0.2 |

| | witnesses (0.1). | |
|---|---|---|
| 11/6/17 | Review decision by HO Ford regarding KOSHK (0.2). Draft email to David J. Berney regarding decision and review response (0.1). Motion to amend HO order re KOSHK and Statute of Limitations decision (0.1). Review email from cl regarding ongoing concerns with school and draft response (0.1). Review "record review" prepared by SLP expert Karen Clapper (0.3). Review emails from David J. Berney and Jennifer Sang regarding full SLP evaluation (0.2). | 1.0 |
| 11/7/17 | Draft direct examination for another witness for hearing (0.4)   T/c with cl regarding next hearing date and client's availability due to medical status (0.2). Review emails from David J. Berney, Esq., regarding draft opening statement, request for continuance and availability of witnesses (0.1). Review and edit draft opening statement (0.2). Review schedule for student provided by cl. (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding continuance request and extension of decision due date (0.1). Review email from SLP expert, Karen Clapper (0.1). | 1.2 |
| 11/8/17 | Review email from opposing counsel, Tammy Flail, Esq., to Karen Eberly regarding status of continuance request (0.1). Review email from HO Ford regarding hearing cancellation (0.1). Draft email to cl regarding continuance request, cancelled hearing and new hearing date (0.1). Draft email to cl regarding KOSHK decision (0.1). | 0.4 |
| 11/9/17 | Review exhibits and prepare for hearing (0.4). T/c with Karen Clapper regarding evaluation (0.2). Review and respond to email from Dr. Sutton regarding hearing (0.1). Review and respond to email from opposing counsel, Tammy Flail, Esq., regarding possible settlement (0.1). Review and respond to email sent by cl re response she received from school about her list of ongoing concerns (0.1). Draft email to cl regarding evaluation by Karen Clapper (0.1). | 1.0 |
| 11/10/2017 | Continued reviewing records in preparation for hearing (1.1). T/c with opposing counsel, Tammy Flail, Esq., regarding possible settlement options (0.4). Draft email to expert Felicia Hurewitz regarding placement options of student (0.1). T/c with cl regarding settlement options (0.1). Follow-up t/c with opposing counsel Tammy Flail, Esq. regarding settlement options (0.2). Attorney case consultation with David J. Berney, Esq. regarding settlement options, strengths and weaknesses of case, potential counter-demand, and hearing preparation (0.5). | 2.4 |
| 11/13/2017 | Review records and prepare teacher witness cross examination outline (0.5). T/c with opposing counsel, Tammy Flail, Esq., regarding possible settlement options (0.2). T/c with cl to review settlement options (0.3). Draft email to experts re time expended in case for purposes of comp ed settlement discussions and review responses (0.2). T/c to Karen Huber at YALE regarding possible enrollment and start date (0.1). Draft email to David J. Berney, Esq. regarding settlement offers (0.1). | 1.4 |

| 11/14/2017 | Draft email to opposing counsel regarding settlement, including counter offer (0.2). Email to HO Ford regarding scheduling a teleconference (0.1). Review revised KOSHK order (0.2). Review email from opposing counsel, Tammy Flail, Esq. regarding counteroffer. Draft email to cl regarding KOSHK revised decision, counteroffer (0.1). T/c with Karen Huber from YALE school regarding admission (0.1). Draft email to cl regarding YALE School's admission policy (0.1). Teleconference with HO Ford and opposing counsel re: scheduling, status of case (0.2). T/c with opposing counsel Tammy Flail, Esq. regarding settlement (0.1). Draft email to David J. Berney, Esq. regarding teleconference/settlement demand in light of KOSHK decision (0.1). T/c with cl regarding settlement (0.1). Draft additional email to Tammy Flail, Esq. regarding settlement and review response (0.1). Draft email to cl regarding settlement negotiations and review email from cl regarding IEP meeting (0.1). | 1.5 |
| 11/15/17 | Draft email to cl regarding settlement options and IEP meeting (0.1). T/c with cl regarding settlement options (0.1). Review scheduling notice (0.1). | 0.3 |
| 11/16/17 | Review emails from cl regarding IEP meeting (0.1). | 0.1 |
| 11/17/17 | Review and respond to email from cl re: IEP meeting (0.1). Draft email to expert Felicia Hurewitz regarding IEP meeting (0.1). Review email from David J. Berney, Esq., regarding payment for record review by SLP (0.1). Review latest offer by District to resolve case and draft email to cl regarding offer (0.2). T/c with cl regarding offer (0.1). | 0.6 |
| 11/18/17 | Draft email to David J. Berney, Esq., regarding most recent settlement offer (0.1). | 0.1 |
| 11/20/17 | Review and respond to email from cl regarding status of offer (0.1). | 0.1 |
| 11/21/17 | Review email from opposing counsel regarding ESY 2018 (0.1). Draft email to cl regarding inclusion of ESY and counteroffer for comp ed hours (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding counteroffer and review response (0.1). | 0.3 |
| 11/22/17 | Draft email to opposing counsel Tammy Flail, Esq., regarding acceptance of offer and review response (0.1). Review email from Tammy Flail, Esq., regarding start date at YALE and request to submit transportation (0.1). T/c to cl regarding start date at YALE and that District won't pay for days if no settlement reached (0.1). Draft email to cl regarding same (0.1). Draft email to Karen Huber at YALE regarding start date and risk (0.1). | 0.5 |
| 11/27/17 | T/c with cl regarding transportation (0.1). Draft email to cl and Karen Huber at YALE regarding transportation and settlement status (0.1). Draft email to opposing counsel, Tammy Flail, Esq., regarding transportation to YALE and review response (0.1). T/c to cl to report that per District she needs to have YALE contact transportation (0.1). | 0.4 |
| 11/28/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding transportation and apparent need for settlement agreement (0.1). | 0.1 |

| December | | |
|---|---|---|
| 12/01/17 | T/c with opposing counsel, Tammy Flail, Esq., regarding transportation (0 1). Draft email to Karen Huber at YALE regarding transportation (0.1). Attorney-case consultation with David Berney re status of receipt and mark-up of settlement draft from School District counsel and email exchange with David Berney re same (0.1) | 0.3 |
| 12/05/17 | Review email from office of opposing counsel with proposed settlement agreement (0.1). | 0.1 |
| 12/06/17 | T/c with Karen Huber at YALE School regarding transportation (0.1). Email from cl re: transportation (0 1). | 0.2 |
| 12/07/17 | Review and edit settlement agreement, send email to David J. Berney regarding same (0.3).  Review email from opposing counsel regarding status of settlement agreement (0.1). | 0.4 |
| 12/08/17 | Attorney case consultation with David J. Berney regarding settlement agreement (0.2).  Draft email to Hearing Officer Ford regarding cancelling sessions (0.1).  T/c with cl regarding to provide update re progress of settlement discussions (0.1). | 0.4 |
| 12/11/17 | Review email from HO cancelling session (0.1).  Draft email to cl regarding cancelled session (0.1).  Review and respond to emails from cl regarding transportation (0.1).  Draft email to opposing counsel, Tammy Flail, Esq., regarding agreement and status of transportation (0.1).  Draft email to David J. Berney regarding settlement agreement and SLP evaluation  (0.1).  Review and respond to email from SLP expert, Karen Clapper, regarding status of evaluation (0.1). | 0.6 |
| 12/12/17 | Attorney case consultation with David J. Berney regarding settlement (0.1).  Draft email to cl regarding settlement (0.1).  Review edits to settlement agreement (0.1). | 0.3 |
| 12/13/17 | Draft email to cl regarding edited agreement (0.1).  Draft email to opposing counsel, Tammy Flail, Esq., regarding proposed edits to settlement agreement and review response (0.1). T/c to cl re: progress on finalizing settlement (0 1).  T/c to opposing counsel regarding settlement (0.1).  Review and respond to email from YALE regarding tuition contract (0.1). | 0.5 |
| 12/14/17 | Draft email to opposing counsel, Tammy Flail, Esq., regarding review of proposed edits to agreement (0.1). | 0.1 |
| 12/17/17 | Prepare timesheet (1.2). | 1.2 |
| 12/23/17 | Review settlement agreement provided by opposing counsel, perform edits and draft email to David J. Berney regarding agreement and District's refusal to include language in the agreement on permitting compensatory education to be used for evaluations and independent consultants, draft email to opposing counsel regarding authority of her cl to sign (0.3). | 0.3 |
| 12/29/17 | Email to David Berney, Esquire re expert Virginia Sutton, Ph.D, invoice for services (0.1) | 0.1 |
| 12/30/17 | Email exchange with David Berney, Esquire re Parents ' demand for attorney's fees and costs (0.1) | 0.1 |

| 12/31/17 | Email exchange with David Berney, Esquire re hours and attorney time (0.1) | 0.1 |
|---|---|---|
| 1/1/18 | Email to David Berney re timesheets for purposes of drafting attorney fee demand pursuant to paragraph 5 of the parties' agreement (0.1) | 0.1 |
| 1/2/18 | Email exchange with David Berney re my timesheets for purposes of drafting attorney fee demand pursuant to paragraph 5 of the parties' agreement (0.1) | 0.1 |
| 2/1/18 | email exchange with David Berney re due date for District payment to YALE School and email to Tammy Schmitt re whether District has a response to Parent's demand | 0.1 |
| 2/26/18 | Email exchange with David Berney re District's failure to offer any amount in attorney's fees and costs and email exchanges with Tammy Schmitt re whether District has any offer to Parent's settlement demand for fees and costs | 0.1 |
| 3/11/18 | Reviewing email from David Berney re District's ongoing failure to offer any amount in attorney's fees and costs | 0.1 |
| 5/2/18 | Email exchange with David Berney re update on payment of attorney's fees and costs | 0.1 |

**Total Hours = 120.2 hours**
**Billing Rate = $375 per hour**
**Statement = 120.2 hours X $375 per hour = $45,075.00**

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| Date | Description | Time |
|------|-------------|------|
| 1/14/2016 | Attorney case consultation with David Berney re: facts of the case, merits of case and desired outcomes for Student | 0.2 |
| 1/14/2016 | Attorney case consultation with Vanita Kalra and David Berney re: facts of the case and merits of the case. | 0.4 |
| 1/14/2016 | Consultation with expert Felicia Hurewitz, PhD re: facts of the case, ongoing safety concerns, and Student's current strengths, weaknesses, cognitive profile, and needs. | 0.5 |
| 1/18/2016 | Reviewed email from Tammy Flail re: accommodations for Student. | 0.1 |
| 1/19/2016 | Consulted with expert Felicia Hurewitz, PhD re: ongoing issues with 1:1 aide and ongoing safety concerns. | 0.3 |
| 1/20/2016 | Attorney case consultations with David Berney re: strategy for addressing truancy and ensuring Student's safety. | 0.2 |
| 1/20/2016 | T/c to client. | 0.3 |
| 1/21/2016 | Assisted client in drafting letter to school re: assurances for Student's safety at school. | 0.2 |
| 1/22/2016 | Exchanged emails with client. | 0.2 |
| 1/27/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: truancy issues. | 0.2 |
| 1/27/2016 | T/c from client. | 0.1 |
| 1/27/2016 | Conference call with Martine Etienne at DHS and client re: Student's truancy matter. | 0.2 |
| 1/27/2016 | T/c to client. | 0.1 |
| 1/27/2016 | Drafted email to Martine Etienne at DHS re: documentation that District is aware Student is at home with Parent due to ongoing safety issues | 0.1 |
| 1/28/2016 | Attorney case consultation with David Berney re: potential truancy proceedings. | 0.1 |
| 1/28/2016 | T/c to client. | 0.1 |
| 1/28/2016 | Attorney case consultation with David Berney re: one-on-one aide and Student transition back into school | 0.1 |
| 1/29/2016 | T/c to client. | 0.2 |
| 2/1/2016 | Exchanged emails with Tammy Flail re: one-on-one aides for Student. | 0.3 |
| 2/2/2016 | Meeting with clients re: facts of the case and sending Student back to school. | 1.4 |
| 2/2/2016 | Exchanged emails with Tammy Flail re: one-on-one aide for Student. | 0 5 |
| 2/2/2016 | T/c to client. | 0.1 |
| 2/3/2016 | Exchanged emails with Tammy Flail re: Student's previous one-on-one. | 0.3 |
| 2/3/2016 | T/c with client re: waiting for one-on-one and change of assignment of one-on-one. | 0.2 |
| 2/3/2016 | Drafted email to Tammy Flail re: Student's one-on-one assignment or lack thereof. | 0.1 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 2/3/2016 | T/c from Tammy Flail re: Student's placement and programming needs | 0.5 |
| 2/3/2016 | T/c to client re: discussion with Tammy Flail. | 0.2 |
| 2/3/2016 | Drafted email to Tammy Flail re: schools District is proposing and new one-on-one aide. | 0.1 |
| 2/4/2016 | Reviewed email from Tammy Flail re: proposed schools. | 0.1 |
| 2/5/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: history of placement offers from District. | 0.2 |
| 2/9/2016 | Assisted client in drafting letter to school in response to its 1/28/2016 letter. | 0.2 |
| 2/10/2016 | Continued to assist client in drafting letter to school in response to its 1/28/2016 letter. | 0.2 |
| 2/10/2016 | Drafted email to expert Felicia Hurewitz, PhD and client re: draft letter to school in response to its 1/28/2016 letter. | 0.2 |
| 2/10/2016 | T/c from client re: letter to school in response to its 1/28/2016 letter. | 0.3 |
| 2/10/2016 | Reviewed email from expert Felicia Hurewitz, PhD re: letter to school in response to its 1/28/2016 letter. | 0.1 |
| 2/10/2016 | Exchanged emails with Martine Etienne re: dependency petition will not be filed. | 0.1 |
| 2/10/2016 | Exchanged emails with David Berney re: school offers made by District. | 0.1 |
| 2/11/2016 | Drafted email to client re: letter to school in response to its 1/28/2016 letter. | 0.1 |
| 2/12/2016 | T/c from client re: District reporting her to DHS. | 0.2 |
| 2/15/2016 | Communicated with client re: school reporting Parents to DHS. | 0.4 |
| 2/16/2016 | Attorney case consultation with David Berney re: District retaliation by reporting Parent to DHS. | 0.1 |
| 2/22/2016 | T/c from client. | 0.1 |
| 2/22/2016 | T/c to client re: school's visitation policy. | 0.1 |
| 3/7/2016 | Drafted letter to Jonathan Houlon, Esq. re: records for Student. | 0.3 |
| 3/8/2016 | Exchanged emails with client re: letter from school and PTRE. | 0.2 |
| 3/8/2016 | Communicated with client. | 0.1 |
| 3/8/2016 | Consulted David Berney and expert Felicia Hurewitz, PhD re: parent visiting and observing Student's classroom. | 0.2 |
| 3/9/2016 | T/c to client re: Student's lunch 1:1. | 0.1 |
| 3/9/2016 | Reviewed email from client re: PTRE. | 0.1 |
| 3/9/2016 | T/c to client re: PTRE. | 0.1 |
| 3/10/2016 | T/c from client re: ESY. | 0.1 |
| 3/10/2016 | Exchanged emails with client re: ESY. | 0.2 |
| 3/11/2016 | Exchanged emails with client re: ESY. | 0.2 |
| 3/15/2016 | Exchanged emails with client re: ESY form. | 0.1 |
| 3/18/2016 | Communicated with client re: ESY form and PTRE. | 0.3 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| 3/20/2016 | Assisted client in drafting letter to school re: visitation policy. | 0.3 |
|---|---|---|
| 3/21/2016 | Attorney case consultation with David Berney assigning me responsibility to reach out to Tammy Flail re: Parent's right to observe classroom. | 0.1 |
| 3/28/2016 | Reviewed 3/24/2016 letter correspondence from Tammy Flail. | 0.1 |
| 3/28/2016 | Exchanged emails with Tammy Flail re: her 3/24/2016 letter correspondence. | 0.1 |
| 3/30/2016 | Exchanged emails with client re. evaluation for Student. | 0.1 |
| 4/1/2016 | T/c client re: newest safety incident at school. | 0.1 |
| 4/4/2016 | Communicated with client re: April 1, 2016 safety incident at school. | 0.1 |
| 4/5/2016 | Reviewed emails from client. | 0.2 |
| 4/6/2015 | Exchanged emails with client re: evaluation for Student. | 0.1 |
| 4/6/2016 | Exchanged emails with Tammy Schmitt re: her 3/24/2016 letter correspondence. | 0.1 |
| 4/9/2016 | Drafted letter correspondence to Tammy Flail in response to her March 24, 2016 letter correspondence. | 0.4 |
| 4/13/2016 | T/c from expert Felicia Hurewitz, PhD re: concerns about Student's program. | 0.3 |
| 4/19/2016 | T/c from client re: IEP meeting. | 0.1 |
| 4/19/2016 | Exchanged emails with Tammy Flail re: IEP meeting. | 0.1 |
| 4/19/2016 | T/c to client re: RR. | 0.8 |
| 4/22/2016 | Exchanged emails with client. | 0.1 |
| 4/28/2016 | Exchanged emails with client re: IEP meeting. | 0.1 |
| 5/3/2016 | Reviewed email from client re: PTRE. | 0.1 |
| 5/3/2016 | Reviewed additional records provided by client, including most recent RR, IEP, and progress reports. | 0.3 |
| 5/4/2016 | Exchanged emails with client re: IEP meeting. | 0.2 |
| 5/4/2016 | Reviewed records provided by DHS. | 0.8 |
| 5/4/2016 | T/c to client re: letter from DHS. | 0.2 |
| 5/5/2016 | T/c from client re: DHS finding. | 0.1 |
| 5/5/2016 | Attorney case consultation with David Berney re: DHS investigation. | 0.1 |
| 5/5/2016 | T/c to DHS social worker re: DHS investigations. | 0.2 |
| 5/5/2016 | T/c to client re: DHS investigation. | 0.1 |
| 5/5/2016 | Revised letter in response to Tammy Flail's March 24, 2016 letter. | 0.3 |
| 5/5/2016 | Exchanged emails with client re: letter to Tammy Flail. | 0.2 |
| 5/6/2016 | Attorney case consultation with David Berney re: placement alternatives for balance of school year and 2016-2017 school year. | 0.1 |
| 5/9/2016 | T/c from client re: incident at school. | 0.1 |
| 5/9/2016 | Exchanged emails with client re: ESY. | 0.1 |
| 5/10/2016 | Exchanged emails with client re: her letter to the school | 0.1 |
| 5/11/2016 | Exchanged emails with client re: absent 1:1 at school | 0.3 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 5/13/2016 | Revised letter to Tammy Flail based on Parent's email and drafted email to Tammy Flail re: same. | 0.4 |
| 5/13/2016 | Drafted email to client re: visiting possible placement options. | 0.1 |
| 5/17/2016 | Exchanged emails with client re: IEP and NOREP. | 0.1 |
| 5/18/2016 | Reviewed 4/19/2016 proposed IEP and drafted email to client re: same. | 0.3 |
| 5/19/2016 | Exchanged emails with client re: Student's records. | 0.1 |
| 5/22/2016 | Reviewed Student's evaluation history. | 0.2 |
| 5/24/2016 | Reviewed IEP and NOREP and drafted email to client re: same. | 0.3 |
| 5/27/2016 | Drafted email to client re: VB-MAPP and IEP. | 0.1 |
| 6/2/2016 | Reviewed email from client re: VB-MAPP. | 0.1 |
| 6/2/2016 | Exchanged emails with Tammy Flail re: Parent's concerns and NOREP. | 0.1 |
| 6/28/2016 | Exchanged emails with client re: facts of the case. | 0.1 |
| 6/29/2016 | T/c to client re: ESY. | 0.2 |
| 7/8/2016 | Exchanged emails with client re: letter to Superintendent Hite. | 0.1 |
| 7/8/2016 | Drafted email to Katherine Holland at DHS re: Student's records. | 0.1 |
| 7/13/2016 | T/c from client re: ESY issues. | 0.2 |
| 7/18/2015 | Exchanged emails with client re: assisting her with writing a letter to the ESY principal. | 0.3 |
| 7/19/2016 | T/c from client re: one-on-one at ESY. | 0.2 |
| 7/19/2016 | Exchanged emails with client re: ESY. | 0.1 |
| 7/19/2016 | Consulted with Vanita Kalra re: procedural history of case. | 0.3 |
| 7/21/2016 | T/c from client re: next steps in case. | 0.3 |
| 7/21/2016 | Consulted with expert Felicia Hurewitz, PhD re: additional evaluation for Student. | 0.1 |
| 7/26/2016 | Meeting with expert Felicia Hurewitz, PhD re: additional testing for Student. | 0.2 |
| 8/3/2016 | Assisted client in drafting email to ESY program principal re: 1:1 | 0.4 |
| 8/4/2016 | Reviewed email from client re: correspondence to ESY program. | 0.1 |
| 8/4/2016 | T/c to client re: evaluation for Student. | 0.2 |
| 9/1/2016 | T/c from expert Ginny Sutton, PhD re: retaining her as expert. | 0.4 |
| 9/1/2016 | T/c to client re: evaluation for Student. | 0.1 |
| 9/9/2016 | T/c to client re: incident at school. | 0.2 |
| 9/20/2016 | T/c to client re: one-on-one aide. | 0.1 |
| 9/20/2016 | Exchanged emails with Tammy Flail re: one-on-one aide. | 0.1 |
| 9/20/2016 | Communicated with client re: evaluations. | 0.1 |
| 9/22/2016 | T/c from client re: 1:1. | 0.1 |
| 9/22/2016 | Drafted email to Tammy Flail re: 1:1 and other school options. | 0.1 |
| 9/22/2016 | Consulted with expert Felicia Hurewitz, PhD re: VB-MAPP testing. | 0.2 |
| 9/22/2016 | Exchanged emails with Tammy Flail re: 1:1. | 0.2 |
| 9/30/2016 | T/c from expert Ginny Sutton, PhD re: evaluation and observation. | 0.1 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 10/14/2016 | T/c from client re: 1:1 change and independent evaluation. | 0.1 |
| 10/14/2016 | T/c from client re: team meeting and change of 1:1 | 0.3 |
| 10/21/2016 | Exchanged emails with client re: 1:1. | 0.4 |
| 10/25/2016 | Exchanged emails with client re: Invitation to Participate. | 0.1 |
| 10/26/2016 | Reviewed email correspondence from expert Ginny Sutton, PhD re: her observation. | 0.1 |
| 10/26/2016 | Exchanged emails with client re: parent input for upcoming meeting | 0 1 |
| 10/26/2016 | Reviewed email correspondences between client and school. | 0.2 |
| 10/27/2016 | Exchanged emails with client re: Student's behavior issues to be reported to the school. | 0.2 |
| 10/31/2016 | Reviewed emails from client re: one-on-one aide. | 0.1 |
| 11/2/2016 | Drafted email to client re: upcoming meeting. | 0.1 |
| 11/2/2016 | T/c from client re: upcoming meeting. | 0.1 |
| 11/3/2016 | T/c from client re: RR meeting. | 0.2 |
| 11/3/2016 | T/c from client re: 1:1 aide | 0.1 |
| 11/3/2016 | Reviewed emails from client re: behavior issues and 1:1 aide. | 0.2 |
| 11/10/2016 | Exchanged emails with client re: IEP and Invitation to Participate. | 0.1 |
| 11/10/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: observation and additional testing. | 0.1 |
| 11/10/2016 | Exchanged emails with client re: IEP meeting. | 0.1 |
| 11/10/2016 | T/c to expert Felicia Hurewitz, PhD re: Student's evaluation report. | 0 1 |
| 11/14/2016 | Reviewed email from expert Ginny Sutton, PhD re: observation of Student. | 0.2 |
| 11/14/2016 | Reviewed email from client re: 1:1 aide | 0.1 |
| 11/15/2016 | Exchanged emails with client re: 1:1 aide | 0.1 |
| 11/22/2016 | Exchanged emails with client re: IEP meeting follow-up and reevaluation report. | 0.1 |
| 11/22/2016 | Drafted email to client re: issues with Student's writing. | 0.1 |
| 12/5/2016 | Exchanged emails with client re: IEP and RR. | 0.4 |
| 12/5/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: IEP and RR. | 0.2 |
| 12/5/2016 | Exchanged emails with client re: RR. | 0.1 |
| 12/6/2016 | Reviewed email from client re: 1:1 aide | 0.1 |
| 12/7/2016 | T/c to Katherine Holland, Esq at City of Philadelphia Law Department re: Student's DHS records. | 0.1 |
| 12/8/2016 | Exchanged emails with client re: RR. | 0.1 |
| 12/9/2016 | Exchanged emails with client re: RR. | 0.1 |
| 12/9/2016 | T/c from expert Ginny Sutton, PhD re: observation and difficulty obtaining records from District staff. | 0.2 |
| 12/14/2016 | Drafted letter correspondence to clients re: representation agreement. | 0.1 |
| 12/19/2016 | T/c to Katherine Holland, Esq. re: Student's DHS records. | 0.1 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 1/3/2017 | Exchanged emails with expert Ginny Sutton, PhD re: obtaining rating scales from District staff. | 0.1 |
| 1/3/2017 | Reviewed email from expert Ginny Sutton, PhD re: her evaluation report. | 0.1 |
| 1/10/2017 | Attorney meeting with David Berney re: expert Ginny Sutton, PhD's report. | 0.1 |
| 1/18/2017 | T/c from client re: transportation issues. | 0.1 |
| 1/18/2017 | T/c to client re: transportation issues. | 0.1 |
| 1/18/2017 | Attorney case consultation with David Berney re: reassignment of case during my maternity leave. | 0.1 |
| 1/23/2017 | Assisted client in drafting email to school re: transportation issue. | 0.2 |
| 1/26/2017 | Attorney case consultation with David Berney re: expert report and timing of filing for due process | 0.1 |
| 2/7/2017 | T/c from client re: speech and language therapy. | 0.1 |
| 2/20/2017 | Drafted email to expert Ginny Sutton, PhD re: expert report. | 0.1 |
| 2/27/2017 | T/c from client re: bus safety incident. | 0.1 |
| **2/22/17** | attorney-case consultation with David Berney, Esquire re re-assignment of case to Megan Mahle due to maternity leave | **0.1** |
| 3/1/2017 | Assisted client in drafting email to the principal re: 1:1 issues and bus safety incident. | 0.3 |
| **3/3/17** | attorney-case consultation with David Berney, Esquire re case strategy | **0.1** |
| 3/4/2017 | Drafted emails to client, Megan Mahle, Esq. and expert Ginny Sutton re: transition of case from me to Megan Mahle, Esq. | 0.2 |
| 7/19/2017 | Attorney case consultation with Megan Mahle, Esq. re: analyzing case and engaging in strategy session re case | 0.8 |
| 8/2/2017 | Exchanged emails with Megan Mahle, Esq. re: District's offer. | 0.1 |
| 8/23/2017 | Exchanged emails with Megan Mahle, Esq. and David Berney, Esq. re: developments in case and District's offer. | 0.2 |
| 9/22/2017 | Reviewed exhibits for purposes of creating the exhibit binder, coordinated with Megan Mahle, Esquire re binders, and email to Megan Mahle, Esq. re: same. | 6.5 |
| 10/4/2017 | Exchanged emails with Megan Mahle, Esq. and David Berney, Esq. re: upcoming meeting. | 0.1 |
| 10/4/2017 | Exchanged emails with client and expert Felicia Hurewitz, PhD re: meeting at school. | 0 1 |
| 10/4/2017 | Drafted email to Tammy Flail re: meeting at school. | 0.1 |
| 10/5/2017 | Exchanged emails with client and expert Felicia Hurewitz, PhD re: meeting at school | 0.2 |
| 10/5/2017 | Exchanged emails with Megan Mahle, Esq. and David Berney, Esq. re: safety plan meeting. | 0.1 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 10/5/2017 | Exchanged emails with client and expert Felicia Hurewitz, PhD re: safety plan meeting at school. | 0.2 |
| 10/5/2017 | Drafted email to Tammy Flail re: scope of meeting at school. | 0.1 |
| 10/5/2017 | Exchanged emails with Tammy Flail and then exchanged emails with client, expert Felicia Hurewitz, PhD, and Megan Mahle, Esq. re: scope and length of safety plan meeting. | 0.2 |
| 10/5/2017 | Exchanged emails with Megan Mahle, Esq. and Tammy Flail, Esq. re: agenda for meeting. | 0.1 |
| 10/5/2017 | Exchanged emails with client re: school counselor's participation at safety plan meeting. | 0.1 |
| 10/6/2017 | Meeting with client re Student safety issues and safety plan meeting, meeting with Felicia Hurewitz, Ph.D. re safety issues pertaining to student and safety plan meeting and attending and participating in safety plan meeting, | 4.5 |
| 10/6/2017 | T/c from David Berney re: safety plan meeting. | 0.1 |
| 10/7/2017 | Exchanged emails with Megan Mahle, Esq. re: discussing the safety plan meeting. | 0.1 |
| 10/9/2017 | Drafted email to Megan Mahle, Esq. and David Berney, Esq. re: safety plan meeting. | 0.4 |
| 10/10/2017 | Assisted client in drafting email to principal re: 10/6/2017 safety plan meeting. | 0.3 |
| 10/10/2017 | Drafted email to Megan Mahle, Esq. and expert Felicia Hurewitz, PhD re: safety plan meeting. | 0.1 |
| 10/10/2017 | Assisted client in revising email to principal re: 10/6/2017 safety plan meeting. | 0.1 |
| 10/11/2017 | T/c with Megan Mahle, Esq. re: safety plan meeting. | 0.7 |
| 10/11/2017 | Assisted client in revising email to principal re: 10/6/2017 safety plan meeting. | 0.3 |
| 10/11/2017 | Drafted email to Megan Mahle, Esq. and David Berney, Esq. re: Parent's email to principal about safety plan meeting. | 0.1 |
| 10/27/2017 | T/c to expert Karen Clapper, CCC-SLP re: record review for Student | 0.1 |
| 10/27/2017 | Communicated with Megan Mahle, Esq. and expert Karen Clapper, CCC-SLP re: facts and timeline of the case | 0.1 |
| 10/27/2017 | Drafted email to expert Karen Clapper, CCC-SLP re: Student's records. | 0.1 |
| 10/30/2017 | Exchanged emails with expert Karen Clapper, CCC-SLP re: timeline of case. | 0.1 |
| 11/6/2017 | Reviewed email from expert Karen Clapper, CCC-SLP re: her report and her record review report. | 0.1 |
| 11/6/2017 | Exchanged emails with Megan Mahle, Esq. re: expert Karen Clapper, CCC-SLP's report. | 0 1 |

Stephanie P. et al o/b/o T.P. v. School District of Philadelphia
Attorney: Jennifer Sang

| | | |
|---|---|---|
| 11/6/2017 | Drafted email to expert Karen Clapper, CCC-SLP re: her record review report. | 0.1 |
| 11/8/2017 | Exchanged emails with David Berney and Megan Mahle, Esq. re: possible additional speech/language assessments. | 0.1 |
| | **Total Hours** | **47.8** |
| | **Hourly Rate** | **$325** |
| | **Statement** | **$15,535** |

**Stephanie B. et al. o/b/o T.P. v. SDOP**

Attorney  Vanita R. Kalra

| Date | Description | Time |
|------|-------------|------|
| 8/12/2015 | Exchanged e-mails with client re  possible charter schools as placement options | 0.1 |
| 8/12/2015 | Exchanged e-mails with Dr  Hurewitz re  possible charter schools as placement options | 0.1 |
| 8/13/2015 | T/c with client re  outcome from investigating potential charter schools as meeting Student's needs | 0.1 |
| 8/20/2015 | Meeting with Dr  Hurewitz re  school selection | 0.1 |
| 8/21/2015 | T/c with client re  school and placement options | 0.2 |
| 8/21/2015 | T/c with Dr  Hurewitz re  District's program and private placement | 0.5 |
| 8/21/2015 | Reviewed e-mail from Dr  Hurewitz and client re  District's failure to finalize IEP/NOREP after last IEP meeting | 0.1 |
| 8/22/2015 | Exchanged e-mails with David J  Berney, Esq  re  conference call on placement options | 0.1 |
| 8/24/2015 | Reviewed 2014 and 2015 IEPs, skimmed Dr  Gillock report, assisted client in drafting 10-day private placement letter | 0.5 |
| 8/24/2015 | Attorney case consultation with David J  Berney, Esq  re  case strategy, 10-day letter giving notice to privately place student at public expense, and filing for due process | 0.4 |
| 8/24/2015 | Assisted client in revising 10-day letter | 0.2 |
| 8/25/2015 | T/c with client re  potential school choices for Student and case strategy | 0.4 |
| 8/25/2015 | Exchanged e-mails with David J  Berney, Esq  re  case strategy | 0.1 |
| 8/27/2015 | T/c with client re  placement at YALE and next steps | 0.1 |
| 8/27/2015 | T/c with Dr  Hurewitz re  placement for Student and NOREP from District | 0.3 |
| 8/28/2015 | E-mailed David J  Berney, Esq  re  Student's potential enrollment at YALE and District IEP/NOREP and placement | 0.1 |
| 8/28/2015 | E-mailed client re. potential timeline for withdrawing from District/enrolling at private school | 0.1 |
| 8/31/2015 | Exchanged e-mails with client and Dr  Hurewitz re  meeting with potential school | 0.1 |
| 9/6/2015 | Reviewed e-mail and attachment from client re  Invitation to participate, exchanged e-mails with client re  same | 0.1 |
| 9/6/2015 | Exchanged e-mails with David J  Berney, Esq  re  IEP meeting and Student's attendance at School | 0.1 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**

Attorney Vanita R. Kalra

| | | |
|---|---|---|
| 9/7/2015 | T/c with client re upcoming IEP meeting and transition to private school | 0.2 |
| 9/7/2015 | Reviewed Dr Gillock's IEE, e-mailed to client and requested client provide IEE to school | 1.0 |
| 9/7/2015 | E-mailed David J Berney, Esq re student's placement at private school | 0.1 |
| 9/7/2015 | T/c with client re sending Student's private evaluation | 0.1 |
| 9/8/2015 | Exchanged e-mails with David J Berney, Esq re withdrawing from District school and IEP meeting | 0.1 |
| 9/8/2015 | Reviewed e mail from school to client re scope of IEP meeting | 0.1 |
| 9/8/2015 | E-mailed client re timing of potential withdrawal from private school in light of 10 day notice | 0.1 |
| 9/8/2015 | T/c with client re IEP meeting and timing for potential private placement | 0.3 |
| 9/8/2015 | Reviewed e-mail from Tammy Schmitt, Esq re attending IEP meeting and discussing private placement | 0.1 |
| 9/9/2015 | T/c with client re District's attorney attending IEP meeting, private placement discussion, IEP discussion | 0.3 |
| 9/9/2015 | Reviewed and responded to e-mail from client re IEP meeting followup | 0.1 |
| 9/10/2015 | Exchanged e-mails with client re IEP meeting | 0.1 |
| 9/11/2015 | T/c with client re IEP meeting | 0.4 |
| 9/11/2015 | Assisted client in drafting letter following up from IEP meeting and requesting another IEP meeting | 0.3 |
| 9/11/2015 | T/c with Dr Hurewitz re past IEP meetings and potential timeline for sending Student to private placement | 0.3 |
| 9/11/2015 | T/c with Karen Huber re Student's potential placement at YALE | 0.1 |
| 9/12/2015 | Reviewed e-mail and attachment from client re District's response to client's request for tuition reimbursement | 0.1 |
| 9/14/2015 | Reviewed e mail from Tammy Schmitt, Esq re client's letter to District and attorney attendance at IEP meetings | 0.1 |
| 9/15/2015 | E-mailed client re IEPs from last IEP meeting | 0.1 |
| 9/18/2015 | T/c with client re IEPs and IEP meeting | 0.2 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**
Attorney Vanita R. Kalra

| | | |
|---|---|---|
| 9/18/2015 | Reviewed e-mails and attachments from client re Invitation to Participate in IEP meeting for Oct 1 and PTRE for OT evaluation | 0.1 |
| 9/24/2015 | E-mailed David J Berney, Esq re status of identifying acceptable private placement | 0.1 |
| 9/24/2015 | T/c with Dr Hurewitz re October 1st IEP meeting | 0.1 |
| 9/24/2015 | E-mailed client re IEP meeting | 0.1 |
| 9/25/2015 | E mailed Dr Hurewitz re· multiple IEPs from latest IEP meeting | 0.1 |
| 9/25/2015 | T/c with Dr Hurewitz re upcoming IEP meeting, attendance by colleague, District's attorney running IEP meetings, and substantive IEP discussion | 0.5 |
| 9/29/2015 | T/c with client re request by Dt To perform OT evaluation | 0.1 |
| 9/29/2015 | Attorney case consultation with David J Berney, Esq re OT evaluation | 0.2 |
| 9/29/2015 | T/c with Dr Hurewitz re Student's IEP | 0.1 |
| 9/29/2015 | T/c with client re proceeding with OT evaluation | 0.1 |
| 10/1/2015 | Reviewed and responded to e-mail from Dr Hurewitz re today's IEP meeting | 0.1 |
| 10/6/2015 | Exchanged e mails with client re IEPs and next steps | 0.1 |
| 10/6/2015 | Exchanged e-mails with YALE School's Karen Huber re potential YALE School enrollment | 0.1 |
| 10/9/2015 | T/c with Karen Huber re Student enrollment | 0.2 |
| 10/12/2015 | T/c with client re IEP and next steps to find suitable placement for Student | 0.1 |
| 10/12/2015 | Reviewed e-mail exchange between client and School re OT | 0.1 |
| 10/13/2015 | T/c with Dr Hurewitz re observation at YALE school Philadelphia, Student's needs going forward | 0.5 |
| 10/14/2015 | Reviewed e-mail from SDOP to client re implementation of new IEP | 0.1 |
| 10/16/2015 | Reviewed e-mail from client re concerns about School implementation of IEP and assualt on Student | 0.1 |
| 10/18/2015 | T/c with Dr Hurewitz re Parent's concerns about implementation of IEP, setting up observation at District, thoughts on YALE Philadelphia as a potential placement for Student | 0.2 |
| 10/18/2015 | E mailed client re concerns on programming and placement for Student | 0.1 |
| 10/26/2015 | Reviewed e mail and attachment from Tammy Flail, Esq | 0.1 |
| 10/26/2015 | E mailed Tammy Flail, Esq re request to have Dr Hurewitz observe Student's new IEP program on Thursday | 0.1 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**
Attorney Vanita R. Kalra

| | | |
|---|---|---|
| 10/28/2015 | Reviewed and responded to e-mail from Tammy Flail, Esq re deviation between scheduled observation time and requested time, reviewed response and responded | 0.1 |
| 10/28/2015 | Exchanged e-mails with Dr Hurewitz re observation times | 0.1 |
| 10/28/2015 | Exchanged e-mails with client re Student's schedule | 0.1 |
| 10/29/2015 | Reviewed e-mail from Dr Hurewitz re Student's schedule and desired observation times | 0.1 |
| 11/2/2015 | Reviewed and responded to e-mail from Tammy Flail, Esq re Student's schedule and setting up observation by Dr Hurewitz | 0.1 |
| 11/2/2015 | Exchanged e-mails with Dr Hurewitz re scheduling observation | 0.1 |
| 11/2/2015 | Attorney case consultation with David J Berney, Esq re Dr Hurewitz's observation and strategy for potential due process case to address Student placement | 0.2 |
| 11/6/2015 | Reviewed e-mail and attachments from client re Student's schedule | 0.1 |
| 11/6/2015 | Exchanged e-mails with Tammy Flail, Esq re following up on observation request | 0.1 |
| 11/6/2015 | Reviewed e-mail from client re email to School re OT evaluation | 0.1 |
| 11/6/2015 | Exchanged e-mails with client re Student injury at school today | 0.1 |
| 11/9/2015 | T c with client re fabrication by School about incident involving Student, version of events communicated by Student's former 1 1 who gave her full story, Student's safety at school, Dr Hurewitz observation | 0.2 |
| 11/10/2015 | Assisted client in drafting letter to School re incident and concerns about Student's safety at SDOP school | 0.1 |
| 11/10/2015 | E-mailed Dr Hurewitz re information from Student's former 1 1 re assistance to Student in classroom | 0.1 |
| 11/12/2015 | T c with Dr Hurewitz re no aide for Student today when she went to observe, whether to continue to observation | 0.1 |
| 11/12/2015 | T c with Dr Hurewitz re thoughts from observation | 0.2 |
| 11/13/2015 | T c with client re 1 1 aide's failure to show up at school again, SDOP's failure to inform client | 0.1 |
| 11/13/2015 | Reviewed e-mail and attachment from client re OT evaluation report | 0.1 |
| 11/16/2015 | T c with Dr Hurewitz re conversation with client about Student no longer having Iris as 1 1, and unclear if he has any 1 1 right now | 0.1 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**
Attorney Vanita R. Kalra

| | | |
|---|---|---|
| 11/16/2015 | Reviewed e-mail from Tammy Flail, Esq. re Dr Hurewitz's observation and canceling observation scheduled for 11/23, e-mailed same to Dr. Hurewitz | 0.1 |
| 11/17/2015 | Reviewed e-mail from Dr. Hurewitz re clarifying email from District about observation, confirming cancellation of 11/23 observation, e-mailed same to Tammy Flail, Esq. and queried why Student is no longer assigned a 1:1 since Dr. Hurewitz's 11/12 observation | 0.1 |
| 11/18/2015 | T/c with client re incident at school yesterday where Student returned with ripped pants due to playground incident where Student was bullied | 0.2 |
| 11/18/2015 | Attorney case consultation with David J. Berney, Esq. re playground/bullying incident involving Student, Dr. Hurewitz's observation, case strategy for appropriate placement and programming | 0.3 |
| 11/18/2015 | Reviewed e-mail and attachments from client re Student bullying on playground and rips in Student's pants from incident | 0.1 |
| 11/18/2015 | T/c with client and Dr. Hurewitz re Student's 1:1 plays basketball with other boys during recess, proceeding with Dr. appt, report of bullying, possible investigation by police. Dr. Hurewitz speaking with former 1:1 to gain more information about academic classes | 0.1 |
| 11/19/2015 | Reviewed e-mail from Tammy Flail, Esq. re Student has not been without 1:1 aide, aide was out ill for a few days, e-mailed client, reviewed response from client | 0.1 |
| 12/7/2015 | T/c with client re Student in ER because of injury at school today during recess due to 1:1 aide's failure to monitor Student behavior and activities | 0.1 |
| 12/8/2015 | T/c with client re referring school to DHS because of Student's repeated injuries | 0.2 |
| 12/8/2015 | Attorney case consultation with David J. Berney, Esq. re client wants to refer school to DHS | 0.1 |
| 12/8/2015 | T/c with Dr. Hurewitz re mandatory reporting of Student's incidents | 0.2 |
| 12/8/2015 | Reviewed e-mail and attachment from client re doctor's notes from Student's visit to ER and visit to doctor for torn pants and playground bullying incident | 0.1 |
| 12/9/2015 | T/c with Tammy Flail, Esq. re client concerns about Student safety, possibility of returning previous 1:1 to Student, possibility of transferring to other District schools | 0.3 |
| 12/9/2015 | T/c with client re documenting in letter all absences due to safety issues, possibility of transfer to other District schools, returning Natalie as 1:1, permission to provide hospital records to District's attorney | 0.1 |

Stephanie B. et al. o/b/o T.P. v. SDOP
Attorney  Vanita R. Kalra

| | | |
|---|---|---|
| 12/9/2015 | E-mailed Tammy Flail, Esq. re  Student's hospital records | 0.1 |
| 12/10/2015 | Reviewed e-mail and attachment from client re  doctor's note from Nov 10, 2015 head injury suffered by Student at School | 0.1 |
| 12/11/2015 | T c with Tammy Flail  Esq  re  School had visit from DHS, discussing alternative placement options for client, District cannot return Student's old 1 1 as requested by client | 0.5 |
| 12/11/2015 | T c with Dr  Hurewitz re  placement possibilities for client, her observations of Student's 1 1 during lunch recess and School's responses to 1 1's failure to monitor Student | 0.3 |
| 12/11/2015 | Reviewed e-mail and attachment from client re  IEP progress monitoring report | 0.1 |
| 12/14/2015 | T c with client re  conversation with District attorney, thoughts on placement options for Student, District is willing to transfer to another District school, may also consider an APS placement | 0.3 |
| 12/15/2015 | Exchanged e-mails with Tammy Flail, Esq  re  placement thoughts after speaking with client | 0.1 |
| 12/15/2015 | Researched Bucks Co IU, Autistic / ABA support programs | 0.1 |
| 12/15/2015 | T c with client father re  school placement options  issues with 1 1, returning previous 1 1 aide  transferring to another District school, transferring to APS schools, transferring to Bucks Co IU, or moving into BC catchment area | 0.6 |
| 12/17/2015 | T c with client re  father and her preferences for Student's placement | 0.1 |
| 12/17/2015 | Exchanged e-mails with Tammy Flail, Esq  re  status of conversations on placement possibilities | 0.1 |
| 12/21/2015 | T c with client re  APS schools of interest  Vanguard, Pathway, Green Tree | 0.1 |
| 1/4/2016 | Exchanged e-mails with Dr  Hurewitz re  client visits to APS schools | 0.1 |
| 1/5/2016 | Exchanged e-mails Tammy Flail, Esq  re  follow up steps by District on placement | 0.1 |
| 1/6/2016 | T c with Dr  Hurewitz re  Student's placement and need to attend school | 0.1 |
| 1/6/2016 | Exchanged e-mails with client re  Student's placement and next steps, concerns that Student is out of school | 0.1 |
| 1/6/2016 | Assisted client in drafting letter to school documenting Student injuries at school and keeping Student home due to safety issues | 0.4 |
| 1/7/2016 | T c with client father re  School placements and case status | 0.2 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**
Attorney  Vanita R. Kalra

| | | |
|---|---|---|
| 1/7/2016 | E-mailed Tammy Flail, Esq. re. following up on District's position on school placements and District's position on YALE Philadelphia as potential placement | 0.1 |
| 1/7/2016 | T/c with client re. Parents' options for Student while District considers placement options | 0.2 |
| 1/11/2016 | Assisted client in revising letter to school re. Student at school injuries | 0.1 |
| 1/11/2016 | Exchanged e-mails with client re. Student's experiences at school today, lack of availability of 1:1 who is trained in Student's IEP, what to do about attending school | 0.1 |
| 1/11/2016 | Reviewed e-mail from Tammy Flail, Esq. re. District decision NOT to place Student at APS and that District will proceed with Truancy if Student does not attend school, e-mailed same to client | 0.1 |
| 1/11/2016 | T/c with Dr. Hurewitz re. discussing in detail issues in case, observation with new 1:1 aide, her conversations with others who have knowledge of services Student has received/not received in school and whether school is appropriately supervising Student to keep him safe and free of injury during school | 1.1 |
| 1/12/2016 | Reviewed previous extensive history requesting records in this matter. drafted final request for records, e-mailed same to Tammy Flail, Esq. and responded to email from yesterday from Ms. Flail, requested answers to a number of questions regarding the 1:1 aide's training and ability to appropriately support student, reviewed response | 0.7 |
| 1/13/2016 | Attorney case consultation with David J. Berney, Esq. re. strategy for providing denial of FAPE and private placement claim | 0.4 |
| 1/14/2016 | T/c with Dr. Hurewitz re. testing results and how they compared with what she observed in the classroom, Student's current academic abilities | 0.5 |
| 1/14/2016 | Attorney case consultation with David J. Berney, Esq. re. status of case, current issues, next steps and strengths and weaknesses of case | 0.4 |
| 1/14/2016 | Assisted client in revising letter to school to include incident where there was no 1 on 1 aide available at school on 1/11/16 | 0.2 |
| 1/15/2016 | Reviewed e-mail from Tammy Flail, Esq. re. answers to questions about new 1:1 aide and training | 0.1 |
| 7/19/2016 | Consulted with Jennifer Sang, Esquire re. history of case | 0.3 |

**Stephanie B. et al. o/b/o T.P. v. SDOP**
Attorney  Vanita R. Kalra

| | | | |
|---|---|---|---|
| | Prepared Timesheet | | 1.6 |
| | | | |
| | | Total Hours | 25.1 |
| | | Hourly Rate | $325.00 |
| | | Payment Due | $8,157.50 |
| | | | |

Stephanie B et al o/b/o T P v School District of Philadelphia
Attorney Morgen Black-Smith

| Date | Description | Time |
|------|-------------|------|
| 12/29/17 | Met with Clients to review Agreement with them | |
| | Total Hours | 0.6 |
| | Hourly Rate | $325.00 |
| | Lodestar | $195.00 |
| | | |
| | | |

**Dr. Margaret Virginia Sutton, School Certified & Licensed Psychologist**
**1515 West Chester Pike, D-2 West Chester, PA 19382-7778**
Website: http://www.psychologists4u.com/Ginny-Sutton.html
**Phone: 610-692-2092 Fax: 610-692-2863 E-mail: drginnysutton@yahoo.com**

**Provider: Margaret Virginia Sutton, Ph.D. EIN: 45-0580840**
**Pennsylvania Psychology License: PA-PS016237**

## Invoice for Full Payment of
## Independent Educational Evaluation

## Date:  October 25, 2016

**T P**

Independent Educational Evaluation & Report       $3,850
CPT Code:  96101

**Diagnosis:**
F84.0   Autism Spectrum Disorder

Time Sheet for T P – Occupational Therapy Record Review

| DATE | TIME | HOURS BILLABLE | COMMENTS |
|------|------|----------------|----------|
| 8-27-17 | 12-12:15 | 15 min | Downloading Documents |
| 8-29-17 | 10:30-12:10 | 1 hr 40 min | Reviewing records and writing report |
| 8-30-17 | 3-3.45 | 45 min | Reviewing records and writing report |
|  | 6:30-8:30 | 2 hrs | Reviewing records and writing report |
| 9-3-17 | 8 10-10 | 1 hr 50 min | Reviewing records and writing report |
| 9-4-17 | 8:30-10:30 | 2 hrs | Reviewing records and writing report |
| 9-8-17 | 8 30-10 | 1 hr 30 min | Reviewing records and writing report |
| 9-9-17 | 8 30-10 | 1 hr 30 min | Reviewing records and writing report |
| 9-10-17 | 8-10 | 2 hrs | Reviewing records and writing report |
| 9-11-17 | 9 30-10 45 | 1 hr 15 min | Reviewing records and writing report |
|  |  |  |  |
| TOTALS |  | 14 25 | $90 per hour= $1,327 50 |

Time Sheet for T P – Occupational Therapy Evaluation Rachel

Shoener, OTR/L

| DATE | TIME | HOURS BILLABLE | COMMENTS |
|------|------|----------------|----------|
| 9-13-17 | 10 25-10·40 | 15 min | Setup evaluation |
| 9-13-17 | 10 40-12 00 | 1 hour 20 min | Evaluation |
| 9-13-17 | 12 20-1 00 | 40 min | Scoring evaluation |
| 9-13-17 | 8 30·10:15 | 1 hour 15 min | Writing evaluation |
| 9-16-17 | 2-2 45 | 45 minutes | Writing evaluation |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS |  | 4 hr 15 min | 4 25 hr x $90 per hour= $382 50 |

Karen Clapper, MS CCC-SLP/L

104 Astor Dr.
Harleysville, PA 19438

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/11/2017 | 111 |

| Bill To |
|---------|
| Law Office of David J Berney P C<br>1628 JFK Boulevard<br>Suite 1000<br>Philadelphia, PA 19103 |

| | P O No | Terms | Project |
|--|--------|-------|---------|
| | | | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 8 5 | Record Review & Report<br>~11/5/17 | 115 00 | 977 50 |
| 1 5 | Edit and Review<br>~11/6/17 | 115 00 | 172 50 |
| | | | |
| | | " | |

| | **Total** | $1,150 00 |
|--|-----------|-----------|



RUTTENBERG
A U T I S M
C E N T E R

1740 Wa tor Road, Suite 100
Blue Bell, PA 19422
Phone 484 567 4725
Fax 610 397 0990
www Ruttenberg com

## Receipt/Invoice for Psychological Services

**Client Name**: REDACTED _ _ . _ _

**Service**
( X ) Record review and writeup by speech therapist Angela Grecia, M.S., CCC-SLP; additional input from Dr. Eric Mitchell

Angela Grecia, M.S., CCC-SL
**Date(s) of Service**:
9/15/17-11/17/17     (2 hours total)
**Fee per hour**:     $180
**Subtotal**:     $360

Eric Mitchell, Ph.D., certified school psychologist, licensed psychologist
**Date(s) of Service**.
9/15/17-11/17/17     (0.5 hours total)
**Fee per hour**:     $200 _
**Subtotal**:     $100


**Total Fee**:     $460 _
**Amount Paid**:     $0_ _
**Balance Due/Credit**: $460 _


Eric M. Mitchell, Ph.D.
_ _ _ _ _ _ _ _ _ _ _ _ _ _
Eric R. Mitchell, Ph.D.
Director, Ruttenberg Autism Center
Licensed Psychologist and Certified School Psychologist
License # PS 015035



345 Farwood Road
Wynnewood PA 19096
fel a edment com

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/15/15 | Pinck#1 |

| Bill To |
|---------|
| David J Berney |

| Client Name | TP |
|-------------|-----|

| Serviced | Description | Qty | Rate | Amount |
|----------|-------------|-----|------|--------|
| 5 11 15 | emails with atty | 0 1 | 175 00 | 17 50 |
| 5 12 15 | emails with atty | 0 1 | 175 00 | 17 50 |
| 7 7 15 | atty consult by phone | 0 2 | 175 00 | 35 00 |
| 7 9 15 | Consult with client | 0 1 | 175 00 | 17 50 |
| 7 9 15 | Resolution session, including wait time | 0 3 | 175 00 | 52 50 |
| 7 12 15 | Written consultation with atty | 0 2 | 175 00 | 35 00 |
| 7 14 15 | Phone consultation with attorney | 0 7 | 175 00 | 122 50 |

| | | |
|---|---|---|
| **Total** | | $297 50 |
| Payments Credits | | $0 00 |
| **Balance-Due** | | $297 50 |



**Edment**

345 Farwood Road
Wynnewood PA 19096
fel a edment com

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/23/15 | Pmck#2 |

| Bill To |
|---------|
| David J Berney |

| Client Name | TP |
|-------------|-----|

| Serviced | Description | Qty | Rate | Amount |
|----------|-------------|-----|------|--------|
| 9 25 15 | review of records | 1 | 90 00 | 90 00 |
| 9 26 15 | review of records | 1 | 90 00 | 90 00 |
| 9 30 15 | Intake w parents | 1 | 90 00 | 90 00 |
| 10 1 15 | iep | 3 | 90 00 | 270 00 |
| 10 19 15 | parent training and post IEP review | 1 | 90 00 | 90 00 |

| | |
|---|---|
| **Total** | $630 00 |
| Payments/Credits | $0 00 |
| **Balance Due** | $630 00 |



# Edment

345 Farwood Road
Wynnewood PA 19096
fel@edment.com

# Invoice

| Date | Invoice # |
|---|---|
| 1/1/18 | Pinckney#3 |

### Bill To

C O Office of Specialized Services
School District of Philadelphia
440 N Broad Street  2nd floor  suite 206
Phila  PA 19130

| Client Name | T P |
|---|---|

| Serviced | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| 3 26 15 | aide meeting | 0 7 | 175 00 | 122 50 |
| 3 26 15 | travel to school | 1 3 | 87 50 | 113 75 |
| 3 31 15 | consulted with school director/psychologist at step up | 0 2 | 175 00 | 35 00 |
| 4 20 15 | Pinckney IEP  Safety meeting | 3 1 | 175 00 | 542 50 |
| 4 20 15 | travel to iep meeting | 1 2 | 87 50 | 105 00 |
| 4 20 15 | consult case | 0 5 | 175 00 | 87 50 |
| 5 11 15 | consult w parent | 0 1 | 175 00 | 17 50 |
| 5 11 15 | email consultation | 0 1 | 175 00 | 17 50 |
| 5 13 15 | sent records to YALE | 0 2 | 175 00 | 35 00 |
| 5 17 15 | emails with atty | 0 1 | 175 00 | 17 50 |
| 5 20 15 | observation at school | 2 | 175 00 | 350 00 |
| 5 20 15 | travel to henry school | 1 4 | 87 50 | 122 50 |
| 5 26 15 | phone conference w Vanita  research votec options | 0 5 | 175 00 | 87 50 |
| 6 12 15 | IEP meeting at Henry | 3 2 | 175 00 | 560 00 |
| 6 12 15 | travel to IEP meeting | 1 2 | 87 50 | 105 00 |
| 8 17 15 | called White Clay to discuss client  called client | 0 3 | 175 00 | 52 50 |
| 8 24 15 | reviewed email for 10 day | 0 1 | 175 00 | 17 50 |
| 10 14 15 | observation at YALE | 1 | 175 00 | 175 00 |
| 11 12 15 | school observation | 2 4 | 175 00 | 420 00 |
| 11 12 15 | travel to school | 1 | 75 00 | 75 00 |
| 12 14 15 | phone call with parent | 0 4 | 175 00 | 70 00 |
| 1 10 16 | meeting with parent and assistant | 1 | 175 00 | 175 00 |
| 1 14 16 | testing at house  phone conf | 3 | 175 00 | 525 00 |
| 1 19 16 | cons w/sang | 0 2 | 175 00 | 35 00 |
| 1 29 16 | phone call w parent | 0 3 | 175 00 | 52 50 |
| 8 25 16 | review Gillock report for suggestions about retest | 0 8 | 175 00 | 140 00 |

| | Total | |
|---|---|---|

Payments Credits

# Balance Due



# Invoice

345 Farwood Road
Wynnewood PA 19096
tel @edment com

| Date | Invoice # |
|------|-----------|
| 1/1/18 | Pinckney#3 |

### Bill To

C-O Office of Specialized Services
School District of Philadelphia
440 N Broad Street 2nd floor suite 206
Phila PA 19130

| Client Name | TP |
|-------------|-----|

| Serviced | Description | Qty | Rate | Amount |
|----------|-------------|-----|------|--------|
| 9 22 16 | consult w Jen Sang | 0 3 | 175 00 | 52 50 |
| 11 8 16 | consult Dr Sutton | 0 1 | 175 00 | 17 50 |
| 8 23 17 | consolt w parent | 0 7 | 175 00 | 122 50 |
| 9 17 17 | consult w Megan | 0 7 | 175 00 | 122 50 |
| 9 20 17 | phone consult | 0 5 | 175 00 | 87 50 |
| 9 25 17 | observation in home | 2 7 | 175 00 | 472 50 |
| 9 25 17 | travel to home | 1 1 | 87 50 | 96 25 |
| 10 4 17 | review records scan | 1 | 175 00 | 175 00 |
| 10 5 17 | phone cal MM | 1 2 | 175 00 | 210 00 |
| 10 6 17 | safety meeting school parents | 2 | 175 00 | 350 00 |
| 10 6 17 | travel to school | 1 | 87 50 | 87 50 |
| 10 9 17 | testing | 2 2 | 175 00 | 385 00 |
| 10 9 17 | scoring | 1 6 | 175 00 | 280 00 |
| 10 12 17 | spoke to Megan | 1 6 | 175 00 | 280 00 |
| 10 30 17 | report writing | 2 | 175 00 | 350 00 |
| 10 31 17 | report writing | 1 | 175 00 | 175 00 |

| | | |
|--|--|--|
| **Total** | | $7 320 00 |
| Payments/Credits | | $0 00 |
| **Balance Due** | | $7,320 00 |

# TRANSPERFECT
## LEGAL SOLUTIONS

**Bill To**

Law Offices of David J Berney
Attn Jen Sang
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia, PA 19103
USA

**Requested By·**

Jen Sang
Law Offices of David J Berney
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia PA 19103
USA

| | | | |
|---|---|---|---|
| **Invoice #.** | 118593 | **Sales Contact.** | Joseph Toto (jtoto@transperfect com) |
| **Invoice Date** | 09/30/2017 | **Payment Terms·** | Net 30 |
| **Invoice Due·** | 10/30/2017 | | |
| **Contract #·** | DM0124148 | **Purchase Order #:** | B |
| **Case Name·** | B | **Matter #.** | B |

**Requested Date·** 09/22/2017

**Project Notes.**

Date Requested 09/22/2017
Matter# B
Project Print/Bind x 3

| Description | Quantity | Unit | Unit Cost(US$) | Extended Cost(US$) |
|---|---|---|---|---|
| **Print/Bind x 3** | | | | |
| Printing With Assembly | 5.30* 00 | Page | 0 080 | 424 08 |
| Color Printing | 15 00 | Page | 1 000 | 15 00 |
| 2" Ring Binder | 12 00 | Each | 7 000 | 84.00 |
| Tabs | 456 00 | Each | 0 300 | 136 80 |

| | |
|---|---|
| **Total to Bill This Contract:** | US$659 88 |
| **Tax Amount** | US$52 79 |
| **Total Amount Due** | **US$712.67** |

TRANSPERFECT LEGAL SOLUTIONS IS A DIVISION OF TRANSPERFECT
TRANSPERFECT GLOBAL HQ • 3 PARK AVENUE  39TH FLOOR, NEW YORK, NY 10016
T +1 212 689 5555 F +1 212 689 1059 • E-MAIL AR@TRANSPERFECT COM
WWW TRANSPERFECT COM

**PAYMENT INSTRUCTIONS**

**Please remit payment to:**
TransPerfect Document Management, Inc
Attn  Accounts Receivable
Three Park Avenue, 39th Floor
New York, NY 10016
212 689 5555
Tax ID #  80-0092152

**Wire Transfer Details:**
Signature NY
A/C #  1500646914
ABA Routing #  026013576
SWIFT CODE  SIGNUS33

**Please reference the Contract # DM0124148 and Invoice # 118593 with your remittance.**
Interest will be charged at the rate of 1.5% per month (or the maximum allowed by law)
for accounts more than 30 days past due

TRANSPERFECT LEGAL SOLUTIONS IS A DIVISION OF TRANSPERFECT
TRANSPERFECT GLOBAL HQ • 3 PARK AVENUE  39TH FLOOR, NEW YORK, NY 10016
T +1 212 689 5555 F +1 212 689 1059 • E-MAIL AR@TRANSPERFECT COM
WWW TRANSPERFECT COM

2 of 2

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

18-4053

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephanie B-P et al

## DEFENDANTS

School District of Philadelphia

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Berney & Sang, 1628 JFK Boulevard, Suite 1000, Philadelphia, PA
19146, 215-564-1030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U S Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for. Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**       **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane          ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability |  | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability        ☐ 367 Health Care / |  |  | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment |     Slander          Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability        ☐ 368 Asbestos Personal |  | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine           Injury Product |  |     New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability |  | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability      **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle      ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury         ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury -       Product Liability | ☐ 751 Family and Medical |  | ☐ 893 Environmental Matters |
|  |     Medical Malpractice |     Leave Act |  | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting         ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment       ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/          Sentence |  |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General |  |  | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 445 Amer w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** |  |     State Statutes |
|  |     Employment       **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  |     Other         ☐ 550 Civil Rights |     Actions |  |  |
|  | ☒ 448 Education       ☐ 555 Prison Condition |  |  |  |
|  |               ☐ 560 Civil Detainee - |  |  |  |
|  |                 Conditions of |  |  |  |
|  |                 Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
20 U S C sec 1400
Brief description of cause:
Violation of the Individuals with Disabilities Education Act

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**    ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
## IF ANY

*(See instructions)*      JUDGE _____      DOCKET NUMBER _____

SEP 18 2018

DATE
09/18/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

*ER*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18 cv 4053

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1628 JFK Boulevard, Suite 1000, Philadelphia, PA 19103 _____

Address of Defendant: _____ 440 N. Broad Street, Philadelphia, PA 19130 _____

Place of Accident, Incident or Transaction: _____ Philadelphia County _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 09/18/2018 _____   _____   67882

_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I D # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2 FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5 Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8 Habeas Corpus
☐ 9 Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify)* _____ Education _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3 Assault, Defamation
☐ 4 Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7 Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE _____   _____   _____

_Attorney-at-Law / Pro Se Plaintiff_   SEP 18 2018   _Attorney I D # (if applicable)_

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C.P 38

Civ 609 (5 2018)

18cv4053

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1628 JFK Boulevard, Suite 1000, Philadelphia, PA 19103

Address of Defendant _____ 440 N. Broad Street, Philadelphia, PA 19130

Place of Accident, Incident or Transaction: _____ _____ Philadelphia County _____ _ _ _

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _ _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1  Is this case related to property included in an earlier numbered suit pending or within one year        Yes [ ]       No [✓]
   previously terminated action in this court?

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit       Yes [ ]       No [✓]
   pending or within one year previously terminated action in this court?

3  Does this case involve the validity or infringement of a patent already in suit or any earlier          Yes [ ]       No [✓]
   numbered case pending or within one year previously terminated action of this court?

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights       Yes [ ]       No [✓]
   case filed by the same individual?

I certify that, to my knowledge, the within case □ is / [■] is not  related to any case now pending or within one year previously terminated action in
this court except as noted above

DATE 09/18/2018 _____                                                                        67882
                                        *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*                                  **B.**  *Diversity Jurisdiction Cases:*

[ ]  1.  Indemnity Contract, Marine Contract, and All Other Contracts          [ ]  1   Insurance Contract and Other Contracts
[ ]  2.  FELA                                                                   [ ]  2.  Airplane Personal Injury
[ ]  3.  Jones Act-Personal Injury                                             [ ]  3   Assault, Defamation
[ ]  4.  Antitrust                                                             [ ]  4.  Marine Personal Injury
[ ]  5.  Patent                                                                [ ]  5.  Motor Vehicle Personal Injury
[ ]  6   Labor-Management Relations                                           [ ]  6.  Other Personal Injury *(Please specify)* _____
[✓]  7   Civil Rights                                                         [ ]  7.  Products Liability
[ ]  8   Habeas Corpus                                                        [ ]  8.  Products Liability – Asbestos
[ ]  9   Securities Act(s) Cases                                              [ ]  9.  All other Diversity Cases
[ ]  10.  Social Security Review Cases                                              *(Please specify)* _____
[✓]  11   All other Federal Question Cases
          *(Please specify)* _____ _ Education _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

[ ]  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
     exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought

DATE _____
                                        *Attorney-at-Law / Pro Se Plaintiff*                   *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C.P  38         SEP 18 2018

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Stephanie B-P. et al.

v.

School District of Philadelphia

CIVIL ACTION NO.  18cv4053

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d)  Asbestos   Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                       ( )

(e)  Special Management   Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                          ( )

(f)  Standard Management ·  Cases that do not fall into any one of the other tracks.   ( )

| September 18, 2018 | David J. Berney | Plaintiffs |
| Date | Attorney-at-law | Attorney for |

| 215-564-1030 | 215-751-9739 | djberney@berneylaw.com |
| Telephone | FAX Number | E-Mail Address |

SEP 18 2018

(Civ. 660) 10/02